[Bridgeport Electric & Ice Co. *et al.* v. Bridgeport Land and Improvement Co. *et al.*]

# Bridgeport Electric & Ice Co. *et al.* v. Bridgeport Land & Improvement Co. *et al.*

## Bill in Equity for the Appointment of a Receiver.

1. *When appeal lies; final decree.*—Where, in a pending suit in a court of equity in which a receiver has been appointed, a judgment creditor of the defendant files his petition, praying "that he be allowed to enforce the payment of his said judgment," and the court, without further notice to the complainant or the defendant than that derived from the filing of the petition, orders that said petitioner be "allowed to proceed to the enforcement of the payment of his said judgment by levy and sale under execution thereon of any or all of the property of the defendant, in the possession of the said receiver of this court, the same as though no receiver existed," such order is not a final decree which will support an appeal; the decree not ascertaining and adjudicating that the judgment was a valid, subsisting claim against the defendant, not declaring and fixing its priority over all other claims.

2. *Same; when mandamus the proper remedy.*—Where after, on a bill filed by a simple contract creditor of a corporation, a receiver is appointed for the benefit of all the corporate creditors, qualifies and takes possession of the property of the insolvent corporation, and receiver's certificates are ordered issued, which, it is declared, shall be a first lien on the property of the defendant corporation in the hands of the receiver, a creditor of the defendant corporation, who recovered his judgment subsequent to the filing of complainant's bill, filed his petition, asking "to be allowed to enforce the payment of his said judgment," and the court, without ascertaining and adjudicating the validity or priority of the petitioner's judgment, and without opportunity being given to the other creditors of the corporation to contest it, orders that said petitioner be "authorized and allowed to proceed to the enforcement of the payment of his said judgment by levy and sale under execution thereon of any or all of the property of the defendant in the possession of said receiver of this court, the same as though no such receiver existed," said order is not such a final decree as will support an appeal; and there being no other adequate remedy, a writ of *mandamus* will be awarded by the appellate court to vacate said order.

[Bridgeport Electric & Ice Co. *et al.* v. Bridgeport Land and Improvement Co. *et al.*]

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The facts of the case are sufficiently stated in the opinion. There were cross appeals in this case. The Bridgeport Electric & Ice Company and the Bridgeport Land and Improvement Company, each, appealed from the order of the chancellor granting the prayer of the petitioner, Meader; and each assign the granting of this order as error.

D. D. SHELBY and MARTIN & BOULDIN, for Bridgeport Electric & Ice Co.—1. The order appealed from in this case is a final decree, which will support an appeal. As has been said by this court: "The test of the finality of a decree, so as to support an appeal, which our decisions have prescribed, is not whether the cause is still in progress in the court of chancery, awaiting the further proceedings which may be necessary to entitle the parties to full possession and enjoyment of the rights it has been declared they have; but whether a decree has been rendered settling these rights. If these are settled by the decree, though a reference to a register may be necessary, and may be ordered, to ascertain the amount due from one to the other, on the basis of the rights adjudged, the decree is final and will support an appeal.—*Jones v. Wilson*, 54 Ala. 50; *Smith v. Coleman*, 59 Ala. 260; *Hastie v. Aiken*, 67 Ala. 313; *Walker v. Crawford*, 70 Ala. 567; *Randle v. Boyd*, 73 Ala. 282; *Cochran v. Miller*, 74 Ala. 50; *May v. Green*, 75 Ala. 162; *Adams v. Sayre*, 76 Ala. 509; *Tabor v. Lorance*, 53 Ala. 543; *Allen v. Allen*, 80 Ala. 154; *Lehman, Durr & Co. v. Robertson*, 84 Ala. 489; *Rome & Decatur R. R. Co. v. Sibert*, 97 Ala. 393; 3 Brick. Dig. 34, § 12; *Thornton v. H. A. & B. R. R. Co.*, 94 Ala. 353.

2. The defendant is a proper party appellant. By the well settled law, the property of an insolvent corporation is a trust fund for the benefit of its creditors. The defendant, when deprived of the control of its property and rendered unable to make an application of it to the satisfaction of its debts, is certainly interested in seeing that a proper application of the funds is made by the tribunal which has taken jurisdiction. That the most unjust and inequitable results may and will follow from a decree, such as is rendered here, is patent. The court

took no steps to ascertain the relative rights of the petitioner representing the claim for the ice plant, and the creditor that furnished the light plant, or other creditors.—*Rome & Decatur R. R. Co. v. Sibert*, 97 Ala. 393; *Ellis v. Vernon &c. Co.*, 23 S. W. Rep. 858; *Elyton Land Co. v. Birmingham W. H. & E. Co.*, 92 Ala. 407; Beach on Priv. Corp., 113.

· 3.   There being no other remedy by which the order in this case may be vacated, *mandamus* can be resorted to.— *Thornton v. H. A. & B. R. R. Co.*, 94 Ala. 353; *Tabor v. Lorance*, 53 Ala. 543; *Ex parte Sayre*, 95 Ala. 288.

W. F. KIRK, for Bridgeport Land & Improvement Co.

HUMES, SHEFFEY & SPEAKE for trustee, Meader.— 1.   The order of the chancellor allowing the petitioner to levy the execution issued on his judgment upon the property in the hands of the receiver is not such a final decree as will support an appeal. It was only an interlocutory order, the granting of which was in the discretion of the chancellor, and no appeal lies therefrom. *Dunlop v. Patterson, Fire Ins. Co.*, 74 N. Y. 145; *Green v. Wallis Iron Works*, 23 Atl. Rep. 498.

· 2.   Such order had none of the elements of a final decree in it. It did not undertake or attempt to settle finally the legal or equitable rights of the parties, but simply gave the permission and authority, so far as the custody of that court extended over the property of the ice company, to the petitioner to proceed against it for the enforcement of the alleged right, which it was claimed by the petitioner he had. It did not determine that the petitioner had a judgment and had a right to proceed by execution to enforce payment thereon upon the property of the ice company. It only intended and had the effect of relieving the petitioner of any contempt of the order of that court in assuming custody and control of the property by permitting him to proceed by execution against the property of the ice company in the hands of the receiver, for the enforcement and payment of his alleged judgment, without pretending or undertaking to settle any question of legal or equitable right in reference thereto. The test of the finality of a decree, so as to support an appeal, which our decisions have prescrib-

ed, is, not whether the cause is still in progress in the court of chancery, awaiting further proceedings, which may be necessary to entitle the parties to the full possession and enjoyment of the rights it has been declared they have, but whether a decree has been rendered settling these rights.—*Jones v. Wilson*, 54 Ala. 50; *Broughton v. Wimberly*, 65 Ala. 552; *Moore v. Randolph*, 52 Ala. 535; *Walker v. Crawford*, 70 Ala. 567; *Garner v. Prewitt*, 32 Ala. 13; *Weatherford v. James*, 2 Ala. 170; *Bank v. Hall*, 6 Ala. 141; *Clark v. Spencer*, 80 Ala. 345.

COLEMAN, J.—On the 18th of March, 1893, the Bridgeport Land and Improvement Company, a corporation, filed a bill in its own name, and on behalf of all other creditors, who would make themselves parties and contribute to the suit, against the Bridgeport Electric Light and Ice Company, also a corporation. The bill avers the insolvency of the defendant corporation, charges that it was operated unskillfully and at a loss, and that the assets were continually depreciating in value, and asked for the appointment of a receiver. On the day of the filing of the bill, the register appointed a receiver as prayed for, with authority to take possession of all the assets of the respondent corporation and to continue the business, "and to do and perform all things and acts necessary to the operating and carrying on of said business under the orders and subject to the control of this court," &c. On the 20th of March, 1893, the receiver qualified by giving an approved bond. There has been no objection made to the appointment of the receiver by the register, and until that appointment is set aside, or by some legal order suspended, the order of his appointment must be regarded as in all respects legal and valid. On the 3d of July, 1893, the receiver filed a petition in the cause in which, after stating the condition of the property and a want of necessary cash in hand to carry on the business successfully, he prayed that he be authorized to issue receiver's certificates for such an amount as the court might deem proper and necessary. The court entered a decretal order, referring the matter to the register to hold a reference and report the facts and the amount of receiver's certificates necessary; and upon the coming in and con-

firmation of the register's report, it was ordered and decreed that the receiver issue certificates, not exceeding five thousand dollars, to bear interest from date at the rate of 8 *per cent. per annum*, and decreed "that the same shall be a first lien on the property and assets of the defendant corporation in the hands of the receiver, and shall be first paid." This decree was filed August 18, 1893.

On the 2d day of October, 1893, one A. B. Meader, as trustee for the Blymyer Ice Machine Company, filed his petition in this cause showing that he was a judgment creditor of the Bridgeport Electric and Ice Company by judgment recovered in the circuit court of the United States for the Northern Division of the Northern District of Alabama, on the 26th day of April, 1893, for the sum of $11,300.87, and prayed "that he be allowed to enforce payment of his said judgment as he may be advised is proper, * * and for such other and further relief as he might be entitled to." A certified copy of the judgment was made a part of the petition. On the 3d day of October, the day after the filing of the petition of Meader, the judgment creditor, without further notice to the complainant or the defendant than that derived from the filing of the petition, the court ordered and decreed that said petition be granted, "and that said petitioner be and he is hereby authorized and allowed to proceed to the enforcement of the payment of his said judgment by levy and sale under execution thereon of any or all of the property of the defendant, the Bridgeport Electric and Ice Company, in the possession of said receiver of this court, the same as though no such receiver existed." The present appeal is prosecuted from this decree of the court; and the cause was submitted upon a motion by A. B. Meader, trustee, to dismiss the appeal, and upon a counter motion by appellants, that if an appeal will not lie, for a writ of *mandamus* to the chancery court to vacate said decree.

The motion to dismiss the appeal is based, first, upon the assumption, that the order and decree from which the appeal is taken, is not such a final decree, as will support an appeal; and, second, "that no security for costs was given." A portion of the argument of the ap-

pellee movant is devoted to a discussion of the merits of the bill, and the propriety of the order appointing a receiver. These questions are not before us on this appeal. The real questions of contention are, whether the order or decree of the chancery court is of such character as that an appeal may be prosecuted from it; and if not, will *mandamus* lie.

Our statute prescribes that an appeal may be taken from certain interlocutory orders or decrees; but our uniform ruling has been, that no mere interlocutory order will authorize an appeal except those specifically provided for in the statute. We think there can be no doubt that a decree of a court adjudicating the validity of a claim, and providing for its immediate collection by execution is a final decree within the meaning of the statute, from which an appeal will lie.—*Lehman, Durr & Co. v. Robertson*, 84 Ala. 489; *Savage v. Benham*, 11 Ala. 49; *Harrison v. Meadors*, 41 Ala. 274; *Thompson v. Hunt*, 22 Ala. 517; *Rome & Decatur R. R. Co. v. Sibert*, 97 Ala. 393; *Thornton v. Highland Ave. & Belt R. R. Co.*, 94 Ala. 353.

The difficulty in applying these principles to the case at bar arises from the character of the decree rendered upon the petition of the judgment creditor. The decree does not formally ascertain and adjudicate that the judgment is a valid subsisting claim against the defendant corporation, nor declare and fix its priority over all other claims. The petition prayed that "he be allowed to enforce payment of his said judgment," &c.; and the order was that he "is hereby authorized and allowed to proceed by levy and sale under execution," &c.

The complainant's bill had been filed, and the receiver appointed and qualified and had possession of the property of the insolvent defendant, before the rendition of the judgment for the petitioner. The very purpose of placing the property in the hands of a receiver was to have it held and protected for the benefit of creditors. The bill was filed for the benefit of all creditors, who might come in and contribute to the litigation. The priority of creditors, if there were any, could be ascertained and determined, and their priorities protected. The effect of the order of the court was to permit one who claimed to be a judgment creditor, by levy of execution, to take from the receiver all the assets, and appro-

priate them, if necessary, to the payment of the one claim, to the exclusion of the complainant's demand, and that upon a judgment recovered subsequent to the filing of complainant's bill and the appointment of a receiver, without a reference to the register, or without giving complainant or any other creditor an opportunity to show, if they could, any defense to the judgment, or that it had no priority over other claims. To permit this order of the court to be executed, would give the petitioner an advantage not warranted by any evidence in the record, and if the averments of the bill be true, complainant and other creditors would sustain irremediable loss. Complainant is entitled to some relief, and if the order of the court is not of that final character which will support an appeal, he is entitled to the alternative relief by *mandamus*. To constitute a final decree or judgment of a court in favor of a creditor, there should be some formality of expression or words used indicating as a conclusion of the law, that plaintiff's claim be allowed, or that plaintiff recover, &c. A mere order to the effect that plaintiff may levy execution to enforce the payment of a claim, is hardly the equivalent of a decree adjudicating the plaintiff's claim.

We are of the opinion that the proper remedy in the case before us is by *mandamus*, and the writ will be accordingly granted, as prayed for.

Mandamus awarded.