# Roy v. Henderson, *et al.*

*Bill in Equity for Injunction and Receiver.*

(Decided January 14, 1902.)

1. *Bill by joint owner of franchise against his co-tenant to be let into enjoyment of same.*—Where complainants are joint owners with respondent of a ferry and ferry franchise, their only recourse to be let into the enjoyment of their rights in the franchise, from which they have been ousted by their co-tenant, is by bill in chancery.

2. *Bill against co-tenant for injunction and receiver, and for general relief; what relief not grantable under.*—Where complainants have been ousted from their enjoyment of a ferry and ferry franchise by their cotenant, upon a bill filed by them against him to enjoin him from operating and maintaining said ferry and from further collecting ferriage or tolls upon said ferry, until he shall obtain a license and make bond, and praying the appointment of a receiver, and for general relief,—the court is not authorized to order an accounting by respondent for the operation by him of the ferry.

3. *Same; what relief grantable under prayer for general relief.*—Under the prayer for general relief in such bill, complainants

are entitled to be let in to the equal enjoyment with respondent of the ferry and ferry franchise.

4. *Ferry; license to operate under special act; effect of.*—The grant by special act of the legislature of the privilege and right to operate a ferry at a certain place is a license, which dispehses with the general statutory requirements for obtaining a license.

APPEAL from Montgomery Chancery Court.
Heard before Hon. W. L. PARKS.
The opinion states the facts.

GORDON MACDONALD and JOHN D. MCNEEL, for appellant, cited *Youngblood v. Youngblood*, 54 Ala. 486; *Kennon v. Wright*, 70 Ala. 434; *Phelps v. Elliott*, 35 Fed. Rep. 455; *Boone v. Childs*, 10 Pet. 177; *Cameal v. Banks*, 10 Wheat. 181; 1 Beach on Mod. Eq. Prac., § 100; 2 Beach on Mod. Eq. Prac., § 790.

A. A. WILEY and GEORGE STOWERS, for appellees, cited *Harrell v. Ellsworth*, 17 Ala. 576; *Mayor, etc., v. Rodgers*, 10 Ala. 48.

DOWDELL, J.—The present controversy relates to a ferry franchise and ferry with its equipment and appurtenances situated within the police jurisdiction of the city of Montgomery. The cause was heard on the pleadings and proof upon submission for final decree, and from the decree rendered in favor of the complainants the present appeal is prosecuted by respondent, Roy.

The franchise is of direct legislative grant to one Hugh Stewart by special act of the legislature approved February 18, 1897. According to the averments of the bill, the complainants are tenants in common or joint owners, claiming an undivided half interest with the defendant, appellant here, who is alleged to be the owner of the other undivided half interest in said franchise, ferry and its equipment, including the right of way on both sides of the river leading from said ferry into the public highways. A deed from one Zirkle and wife to the complainants, conveying to them an undivided half interest in said franchise and ferry, together with its

equipment and the rights of way, is made a part of the bill as an exhibit. It is also averred in the bill that the respondent Roy is in the exclusive control and possession of said ferry and operating the same, receiving the tolls and ferriage for transportation, and refuses to recognize the rights and claims of complainants in the same. The prayer of the bill is for the issuance of "a temporary injunction restraining and prohibiting the said Roy, his agents, servants and employes, from operating and maintaining said ferry hereinbefore more particularly mentioned and described, and that upon the final hearing of said cause your Honor will make said injunction perpetual; that the said H. D. C. Roy, his agents, servants and employes, may be enjoined by a proper order or decree of this honorable court from further collecting the ferriage or tolls for transportation or conveyance of passengers, animals, vehicles, etc., over and across said river by means of said ferry, until such time as your Honor may determine the rights and interests of your orators in and to said ferry and franchises, and until the same are properly recognized and respected by said Roy; until a bond is given for the maintenance and operation of said ferry, payable and conditioned as required by law, and until a license is first obtained for that purpose in accordance with the statute in such cases made and provided." There is also a general prayer and a prayer for the appointment of a receiver.

The chancellor treated the bill as one seeking to enjoin the respondent from infringing upon the rights and franchise of complainants in another ferry owned and operated by them, and at the same time to have an accounting from the respondent for the operation of the ferry in question, in which they claimed joint ownership with respondent. The bill avers a joint ownership and an ouster by the cotenant, and also the insolvency of the cotenant, but this is expressly denied by the answer, and the complainants offered no evidence to sustain the averment as to insolvency. There is no special prayer for an accounting, nor do the averments in the bill and evidence in the case, warrant such relief under the general prayer. While it is stated in the bill that the complainants own and operate another ferry

12s

within less than a mile of the ferry in litigation, it is evident that this statement is made for the purpose of showing that the public would suffer no inconvenience in the granting of the temporary injunction applied for. The fact that the complainants claim a joint interest with the respondent in the franchise and ferry in question, is wholly inconsistent with the theory of an infringement of their rights in another ferry owned and operated by them, besides the ferry is situated within the limits of a city of over five hundred inhabitants. Code of 1896, § 2506. Moreover, the ferry franchise in question, is of direct legislative grant, and the special act conferring the grant limits and determines the powers, rights, and duties of the grantee, independent of the general statute, relating to ferries. The grant under this special act was a license, and consequently dispensed with the general statutory requirements for obtaining a license. The bill, however, is not without equity. As joint owners with the respondent of the franchise, they, the complainants, are entitled to be let in to the equal enjoyment of the same with the respondent. And under the averments of the bill, this relief may be under the general prayer. The evidence supports the allegation of joint ownership and ouster, and the complainants are without a remedy at law, and their only recourse to be let in to the enjoyment of their rights in the franchise, from which they have been ousted by their co-tenant, is by bill in chancery. In addition to the prayer for an injunction the bill asked for the appointment of a receiver to take charge of the ferry and equipment, though no further steps were taken to this end by the complainants. The record, however, shows that a receiver was appointed upon the application of the respondent, and that such receiver is now in the possession and management of the ferry. The complainants are entitled to relief but not to the relief granted in the decree appealed from. It follows from the foregoing views that the decree of the chancellor must be reversed, and a decree will be here rendered directing that the complainants be let in to the enjoyment of their joint interest in said franchise with the respondent, and the receiver will be directed to

make a settlement of his receivership and turn over the property in his possession to the complainants and respondent. The temporary injunction heretofore granted will be dissolved, and the appellant will be taxed with the costs.

Reversed and rendered.