## Salmon *v.* Salmon.

*Bill for Injunction.*

(Decided January 14, 1913.   Rehearing denied February 6, 1913.
60 South. 837.)

.1. *Injunction; Proceedings; Temporary.*—On the hearing of a
motion to dissolve a temporary injunction the court may consider
the sworn bill and answer and such affidavits as either party may
introduce.   (Section 4535, Code 1907.)

2. *Partnership; Rights of Partners; Exclusion from Business.*—
One partner has no right to exclude another partner from the part-
nership business and hence a court of equity will not by injunction
aid one partner to exclude his co-partner against his will.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by F. A. Salmon to enjoin A. J. Salmon from
participating in the partnership business.   From a de-
cree dissolving a temporary injunction complainant ap-
peals.   Affirmed.

JAMES W. STROTHER, for appellant.   The facts do not
show a partnership.—*Gulf City Co. v. Boyles,* 129 Ala.
192; *Sabel v. Savannah R. & E. Co.,* 136 Ala. 380;
*Zuber v. Roberts,* 147 Ala. 512.   An injunction will not
be dissolved on the denials of the answer where irrepar-
able injury is likely to result.—*Gilreath v. Carbon Hill
L. & C. Co.,* 157 Ala. 153.

[Salmon v. Salmon.]

BRIDGES & OLIVER, for appellee. One partner has no right to exclude another from the partnership business against the latter's will.—*Harris v. Parrish*, 132 Ala. 208. A temporary injunction will not be granted to one cotenant against another.—*Roy v. Henderson*, 132 Ala. 175. Upon the hearing of a motion to dissolve a temporary injunction the court may consider the sworn bill and answer and such affidavits as may be introduced.—Section 4535, Code 1907; *Nelson v. Hammond*, 55 South. 301. The court properly dissolved the injunction.—*Moore v. Barkley*, 23 Ala. 739; *Hartley v. Matthews*, 96 Ala. 224; *Howle, et al. v. Scarbrough*, 138 Ala. 148.

DOWDELL, C. J.—The appeal in this case is prosecuted from the decree of the chancellor dissolving a temporary injunction. The purpose of the bill was to enjoin interference by the respondent, the appellee, with the carrying on of a business in the buying and selling of drugs by the complainant. The cause was heard on the motion to dissolve the injunction on the bill which was sworn to, and on the sworn answer to the bill denying the material allegations, and upon ex parte affidavits on both sides.

Section 4535 of the Code of 1907 provides as follows: "Upon the hearing of motion to dissolve an injunction, the court may consider the sworn bill and answer, whether the answer contains denials of the allegations of the bill or independent defensive matter, and also such affidavits as any party may introduce."

The sworn answer of the respondent set up the fact that the respondent was a partner in the business, and the weight of the evidence was in respondents favor on this issue. We think there can be little or no doubt that a partnership existed between the complainant and respondent.

[Letcher v. Allen, et al.]

One partner has no right to exclude the other from the partnership business against the latter's will.—*Harris v. Harris*, 132 Ala. 208, 31 South. 355; 2 Bates' Partnership, 591. A court of equity will not lend its aid by injunction to one partner to exclude another partner from the partnership business. In the case of *Roy v. Henderson*, 132 Ala. 175, 31 South. 457, it was held that a temporary injunction was improper on a bill by cotenants against another cotenant alleging an ouster of complainants from enjoyment and possession of their interest in the joint property, and a fortiori to exclude one by injunction from the enjoyment of his rights and interests in joint property would be still more improper.

The conclusion of the chancellor was that a partnership existed between the complainant and respondent in the business, and in this conclusion we concur, and his decree dissolving the temporary injunction will be here affirmed.

Affirmed.

McClellan, Sayre, and Somerville, JJ., concur.