## State, *ex rel.* McKleroy, *et al. v.* Benners.

### *Mandamus.*

(Decided January 22, 1914.  64 South. 308.)

1. *Equity; Interest of Register; Disqualification.*—Where it appeared that the regular register of the court had once been law clerk of the firm who were of counsel for complainant during most of the time the case had been pending, it being to compel a surviving partner to account for the assets of the firm, and also to account as administrator and guardian, and it further appeared that the father of such register was indebted to the firm, unless the claim was barred by the statute of limitations, these facts did not disqualify the register under the common law, or under rule 6, Chancery Court Practice.

2. *Same; Special Masters; Appointment.*—Under section 3078, Code 1907, the Chancellor may appoint a special register although the regular register is not legally disqualified when the circumstances are such that reasonable grounds exist for apprehending bias or prejudice on the part of the regular register.

ORIGINAL petition in the Supreme Court.

Petition by the State of Alabama, on the relation of Susan McKleroy and others, for mandamus to require Hon. A. H. Benners, as chancellor, of the Northwestern chancery division, to set aside and vacate an order of reference, and to appoint a special register to execute the same. Mandamus denied.

The case made by the petition is that petitioners filed a bill in the Walker chancery court against L. B. Mus-grove, individually, and as guardian of J. C. Musgrove, and as administrator of said Musgrove, and as surviv-ing partner of Musgrove Bros., composed of L. B. and J. C. Musgrove, seeking an accounting, settlement of his guardianship and administration, and the settling of the partnership accounts and the partnership business. After stating many facts not necessary to be here set out, petition avers that complainants or petitioners made a motion in writing before the chancellor in va-cation that he appoint some suitable person as special master, and refer to him the matters of accounting as prayed for, as is shown by the motion which is attached. Affidavit was filed showing that J. Carl Shepherd, the regular register of the said chancery court of Walker county, was disqualified to act as register and master because, for several years immediately prior to his ap-pointment as register, he had been an attorney holding the position of law clerk with the firm of Bankhead & Bankhead, who were of counsel for complainant during the greater portion of time said cause had been pending, and up to the time Shepherd was appointed register, Also another affidavit showing that there is involved therein the question of whether James W. Shepherd, who is the father of the present register, J. Carl Shep-herd, is indebted to the firm of Musgrove Bros. in the sum of $5,000, with interest thereon, or whether such claim as due is barred by the statute of limitation. There is also involved the question whether five shares of stock of the Jasper Land Company, now standing in the name of said James W. Shepherd, does not belong in equity and good conscience to the firm of Musgrove Bros., in which the complainants are entitled to share because said shares were never paid for, or intended to

be paid for, by said Shepherd.   The affidavit sets up
facts tending to show certain fraud committed by L.
B. Musgrove in reference to the management of the Jas-
per Land Company at the time James W. Shepherd was
a member of the board of directors of said company, by
election of said L. B. Musgrove, without any apparent
ownership of stock in said company.   The affidavit fur-
ther sets up that James W. Shepherd was judge of pro-
bate of Walker county during the time there was pend-
ing in the probate court thereof the matters of the ad-
ministration of the estate of J. C. Musgrove, deceased,
which administrations are now being litigated, and the
further fact on information and belief that L. B. Mus-
grove and James W. Shepherd are blood relatives with-
in the degree which would in law disqualify said Shep-
herd from sitting as a judge.

JAMES F. MATTHEWS, and R. W. STOUTZ, for appel-
lant.   Mandamus is the proper remedy to review an
improperly made interlocutory order which is not ap-
pealable.—*Knight v. Farrell,* 113 Ala. 258; *Ex parte
Nicrosi,* 103 Ala. 104; *Jennings v. Pearce,* 99 Ala. 303;
*Ex parte Sayre,* 95 Ala. 288.   The register was disqual-
ified on account of his relationship to the parties in his
former employment, and the fact that the questions in-
volves fraud charged against the register's father.—
Chancery Rule 6; *Ex parte Cornwell,* 144 Ala. 497; *Gill
v. The State,* 61 Ala. 169; *Medlin v. Taylor,* 101 Ala.
239; *Pegues v. Baker,* 110 Ala. 251; *Crook v. Newborg,*
124 Ala. 479; 16 Cyc. 431; sec. 4626, Code 1907; 72 N.
E. 871; 34 Cyc. 852, 874; 114 S. W. 201; 43 S. W. 778;
47 Ill. 416; 29 Gratt. 699; 6 Beavan 135.

ERNEST LACY, and A. F. FITE, amicus curiæ, and for
respondent.   Mandamus is not the proper remedy.—*Ex*

*parte Colley, et al.,* 140 Ala. 195; *Ex parte Merritt,* 142
Ala. 117; *Ex parte Campbell, et al.,* 130 Ala. 200; *State
ex rel. v. Langan,* 149 Ala. 651; *Ex parte Woodruff,* 123
Ala. 110. The facts made are not sufficient upon which
to recuse the register.—28 Tex. 347; 13 Pick. 441; 15
Ala. 439; 14 Ala. 633; 61 Pac. 506; 39 Vt. 459; 57 S.
W. 63; Chancery Rule 6; *Danzey v. State,* 126 Ala. 20.

ANDERSON, C. J.—We may concede, without decid-
ing, that the action of the chancellor in declining to ap-
point a special register in this case is an interlocutory
order, not appealable, and that the said action is there-
fore reviewable by mandamus.—*Brady v. Brady,* 144
Ala. 414, 39 South. 237; *Bridgeport Ice Co. v. Bridge-
port Land Co.,* 104 Ala. 276, 16 South. 93; *Ex parte
Fechheimer,* 103 Ala. 154, 15 South. 647. It may also
be conceded, only for the purpose of deciding this case,
that the execution of the reference in question by the
register Shepherd involves judicial acts, and that the
grounds of disqualification, as set out in chancery rule
6, are not the only ones to be applied to him, but the
statutory and common-law grounds of disqualification
of judges should also be applied. Yet the petitioner
does not show such a ground of legal disqualification,
under said rule, the statute, or the common law, as
made it imperative upon the chancellor to appoint a
special register, and the petition for mandamus must
be denied.

While holding that it was not imperative upon the
chancellor to grant the petitioner's motion, no legal
ground of disqualification having been shown, we think
that he has a clear right, under section 3078 of the Code
of 1907, whenever he deems it necessary to do so, and
whether the register is legally disqualified or not, to
appoint a special master, and which is largely, if not

entirely, within his discretion. Instances may arise in which the register may not be legally disqualified, yet conditions and surroundings may be such that his action and motive might be questioned and suspicioned, and, if reasonable grounds exist for bias or prejudice, the chancellor should, in justice to the parties as well as to the register, appoint a special master. We do not mean to suggest that this should be done for a mere fastidious or conjectural suspicion of bias or prejudice, as judicial action is often attended with some little embarrassment, especially when there is a close and intimate association between the officer and the parties, one or both, but which should not, and which seldom does, affect the ruling or finding.

The writ of mandamus is denied.

McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.