## WOLCOTT v. NATIONAL ELECTRIC SIGNALING CO.

(District Court, D. Massachusetts. October 20, 1915.)

No. 374.

1. INJUNCTION ⬅118—ENJOINING ACTION AT LAW—PLEADING.

A contract was made between F. and W. on the one side, and the Signaling Company on the other, whereby the company agreed to pay F. and W. $300,000 out of profits and to do certain other specified things. F., alleging that he acted under W.'s consent, modified this contract by a subsequent agreement with the Signaling Company, under which the rights formerly secured to F. and W. ran to F. alone. F. brought suit on the modified contract. W. filed this bill to enjoin prosecution of that suit, upon the ground that W. never consented to the modification of the contract. On motion to dismiss, held, that a cause of action was stated.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. ⬅118.]

2. INJUNCTION ⬅26—ENJOINING PROCEEDINGS AT LAW—JURISDICTION.

F. and W. were joint parties to a contract, and it had been held that any claim under the contract must be made by both jointly. As claimed by W., F., without W.'s consent, agreed to a modification of the contract, and without his consent brought an action at law on the modified contract, and W. sued to enjoin the further prosecution of such action by F. Held that, as any claim under the original contract must be made jointly, anything which would defeat an action thereon by F. would defeat an action altogether, and a judgment in his favor on the modified contract would bar any action on the original contract, and W.'s rights were thus involved in the pending action, and hence W.'s petition for an injunction involved a settlement of rights between joint tenants or joint owners of property and was within the jurisdiction of equity.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. ⬅26.]

In Equity. Suit by Darwin S. Wolcott against the National Electric Signaling Company, in which R. A. Fessenden intervened. On motion to dismiss petition for injunction. Motion denied.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William G. Thompson, of Boston, Mass., for plaintiff.
Browne & Woodworth, of Boston, ·Mass., for intervener.

MORTON, District Judge.    The original bill of complaint in this case was brought by Wolcott to secure the appointment of receivers for the respondent; and receivers were duly appointed.    Fessenden intervened and became a party to the suit.

The present questions arise on an intervening petition by Wolcott which seeks to have Fessenden enjoined from further prosecuting an action at law brought by him in this court against the respondent company, and from bringing any other action against said company based upon certain contracts with it in which Wolcott claims an interest; it also seeks to have the rights of the parties under said contracts determined.    Fessenden has moved to dismiss the petition upon grounds which amount to a general demurrer for lack of equity and an assertion of laches.

The business transactions on which the petition is based are the same as those involved in National Electric Signaling Co. v. Fessenden, and have been fully stated by the Court of Appeals in its opinion in that case.    207 Fed. 915, 125 C. C. A. 363.    It is not necessary to restate them here, and I shall only refer to those allegations in the petition which seem to me significant on the questions raised by the motion.

The petition alleges, in substance, that Fessenden and Wolcott were jointly interested in a contract whereby the National Electric Signaling Company was to pay them $300,000 out of its first profits; that subsequently Fessenden, without Wolcott's knowledge or consent, and without right to do so, attempted, by an agreement between him and certain persons, to surrender his and Wolcott's rights under said contract, and to substitute therefor certain other rights of less value, enforceable by. himself alone; that without Wolcott's knowledge or consent Fessenden brought the action at law before referred to against the company on said modified contract; that Wolcott is not and cannot of right become a party to said suit; that it is based ultimately on the contract to which Wolcott was a party, is unwarranted, and is injurious to Wolcott's interests; that Fessenden's allegations in that action that Wolcott consented to the modification of the original contract [1] are untrue; that his further allegations that he is suing for the benefit of Wolcott as well as himself are unauthorized and untrue; that the only contract in which Fessenden and Wolcott and the company are interested is that first above referred to; that no action can be brought upon it without Wolcott's consent and participation; and that Fessenden has no right to prosecute an action on it, nor on the alleged modification of it, under the circumstances stated.

The petition also alleged that many different suits are pending and others will be necessary to determine the rights of the parties in the premises, and that multiplicity of actions will be avoided by this proceeding.

[1] There was a contract before this one, but as to the present questions it may be disregarded.

[1, 2] On this motion the allegations in the petition are to be taken as true. Fessenden's position, briefly stated, is that Wolcott assented to the abrogation of the original contract and the substitution therefor of the modified contract; that Fessenden is exercising a legal right in bringing action on the modified contract as he understands it to be; that he cannot recover without proving Wolcott's assent to the modified contract; that if he shall obtain judgment thereon Wolcott's rights will not be prejudiced, because it will still be open to Wolcott to sue the company upon the original contract, and his right to do so will not be affected or impaired by a judgment in Fessenden's favor in his pending action at law. In the brief for Fessenden on this motion it is said:

"If Wolcott subsequently sues to enforce rights under Exhibit B [the original contract], and in that case Exhibit C [the modified contract], together with Fessenden's judgment is set up as a defense against him, that defense could be maintained only if Fessenden had authority from Wolcott to make Exhibit C and to enforce it for his benefit. The issue of that authority must be tried out again as between Wolcott and the company, in order to establish this defense. Unless Fessenden's authority is shown, the defense would not be maintained. The chance that there might be inconsistent results in the two cases upon that issue is immaterial. Such a situation always arises when the same issue is tried at separate trials between several plaintiffs and one defendant. Conceivably there may be as many different results as there are separate trials."

The Court of Appeals expressly held, however, that any claim under the original contract must be made by Fessenden and Wolcott jointly.

"We are also of the opinion that the court erred in refusing a request for instruction that, as Wolcott was jointly interested in the sum of $300,000, any claim for enforcement could be made only by Wolcott and the plaintiff jointly." Brown, J., 207 Fed. 922, 125 C. C. A. 363.

If so, anything which would bar action thereon by Fessenden would suffice to defeat action on it altogether. A judgment in his favor in his pending suit upon the alleged modified contract would bar any subsequent action by him upon the original contract, and would therefore operate to defeat all action thereon. Cowley v. Patch, Executor, 120 Mass. 137; Osborn v. Martha's Vineyard Ry. Co., 140 Mass. 549, 5 N. E. 486; Spencer v. Dearth, 43 Vt. 98, 115. Wolcott's rights are thus involved in Fessenden's action at law. Fessenden's acts in attempting to modify the contract and in bringing suit are, upon the allegations of the petition, breaches of his duty towards his joint promisee, Wolcott. The settlement of rights between joint tenants or joint owners of property is a familiar subject-matter of equity jurisdiction. Such rights appear to me to be involved in this petition.

"When two or more persons have a common interest in a security, equity will not allow one to appropriate it exclusively to himself, or to impair its worth to the others. Community of interest involves mutual obligation." Strong, J., Jackson v. Ludeling, 21 Wall. 616, at 620, 22 L. Ed. 492.

See Turner v. Sawyer, 150 U. S. 578, 586, 14 Sup. Ct. 192, 37 L. Ed. 1189; Ballou v. Wood, 8 Cush. 48, 52; Roy v. Henderson, 132 Ala. 175, 31 South. 457.

It cannot be ruled as a matter of law that upon the allegations of the petition the petitioner has been guilty of laches. The other grounds alleged in the motion to dismiss seem to me not to be well founded, nor to require discussion. No objection is made by any party that the matters and issues involved are not properly presented by this intervening petition. It is unnecessary to pass upon the other points urged in support of the petition.

Motion to dismiss denied.