(129 So. 72)

**Ex parte GREEN, Superintendent of Banks.**

**6 Div. 618.**

Supreme Court of Alabama.

May 22, 1930.

See also post, pp. 415, 484, 514, 129 So. 69, 92, 465.

H. L. Anderton, of Birmingham, for petitioner.

Horace C. Wilkinson and Wm. S. Pritchard, both of Birmingham, for respondent.

**FOSTER, J.**

This is a petition addressed to this court for mandamus to Hon. Roger Snyder, a circuit judge of Jefferson county, to require him to grant certain motions to expunge certain alleged spurious matters from interlocutory orders made by him in a pending suit in equity. The motions had been overruled by him. The orders contain recitals of occurrences which it is claimed were material as affecting the question of whether petitioner's said motions should have been stricken in one instance, or should have been granted in others, and petitioner claims that such recitals do not truly and correctly interpret those occurrences. The respondent to the petition in this court challenges its virtue as a proper method of accomplishing its purpose. This is done by demurrer to the petition. To that challenge the answer is that in many cases mandamus is merely a method of review. A statement of its use as such is thus expressed: "If an order or judgment or decree is made or rendered, which is not the subject of revision by appeal or other revisory remedy, and yet is erroneous, working injury to the party complaining, and there being no other legal remedy, adequate to the correction of the error and the prevention of the injury, mandamus will be awarded." Ex parte Tower Mfg. Co., 103 Ala. 418, 15 So. 836, 837; Ex parte Fechheimer, 103 Ala. 154, 15 So. 647; Bridgeport Ice Co. v. Bridgeport Land Co., 104 Ala. 276, 16 So. 93; Brady v. Brady, 144 Ala. 414, 39 So. 237; Ex parte L. & N. R. Co., 211 Ala. 531, 100 So. 843. It is only one form of review available as stated above, under the constitutional authority of the Supreme Court, to have "a general superintendence and control of inferior jurisdictions." Section 140, Const.; Ex parte U. S. Shipping Board, 215 Ala. 321, 110 So. 469; Brown v. Brown, 213 Ala. 339, 105 So. 171; Ex parte Watters, 180 Ala. 523, 61 So. 904; Ex parte Gay, 213 Ala. 5, 104 So. 898; Trognitz v. Touart, 219 Ala. 404, 122 So. 620.

This petition shows all the elements of a proper use of the writ for review of that nature, and we think it is the appropriate method of reviewing the order of the court denying petitioner's motions to strike such alleged spurious matters from its decrees.

The record shows that the motions were made and acted upon within thirty days after entry of the orders in which the objectionable features appear, and that they were interlocutory in nature. So that the court had full power and control over them, and the motions to expunge are not controlled by the rule that the court, after an adjournment of the term, or the expiration of thirty days, cannot alter or amend a judgment, or decree "except for a clerical error or omission on evidence shown by the record." Campbell v. Beyers, 189 Ala. 307, 66 So. 651; Briggs v. T. C., I. & Ry. Co., 175 Ala. 130, 57 So. 882. It is well known, both that the court retains control of its judgments even though final for thirty days (unless it has adjourned for the term in the meantime), so that during such period it may add to or strike from them any matter when proper (Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 So. 97; section 6636, Code), and that interlocutory judgments and decrees remain in fieri until final judgment is entered, and in the meantime the court may open, amend, or vacate them, as the facts justify (Pinkard v. Allen, 75 Ala. 73; Hurt v. Hurt, 157 Ala. 126, 137, 47 So. 260; Chancery Rule 82; 34 Corpus Juris, 216).

Upon the hearing of a motion based on facts not appearing of record, the movant may sustain his allegations by affidavits, or oral testimony. Sims on Chancery Practice, § 685; 42 Corpus Juris, 345, 347; Brown v. Brown, supra.

A verified petition and verified answer are treated as evidence, because they are affidavits. Salmon v. Salmon, 180 Ala. 252, 60 So. 837. On such hearing the burden was, of course, on the movant to sustain his contention on the issue of fact that the matter should have been stricken.

Petitioner as superintendent of banks was a party respondent in the suit of J. E. Smith et al., as creditors of the Bank of Ensley, to subject certain equitable assets of Sam C. King, former vice president of the bank, to a debt claimed to be due by him to the bank. On the filing of the bill, the court appointed a receiver of the assets of Sam C. King. Petitioner, as a party to the suit, made a motion to vacate the appointment of the receiver. Complainants moved to strike the motion of petitioner to vacate. There was a hearing of the petition to strike, and the court made an order striking petitioner's motion to vacate. The order striking the motion contains the following statement in respect to a remark by petitioner in open court: "To the effect that he [petitioner] desires to cooperate in the proceedings and did not desire the receivership vacated and that he would join in said proceedings and cooperate in the prosecution of the same." The order recites that petitioner made such statement on the hearing, and that on account of it, his motion to vacate the appointment of the re-

cciver should be and was stricken. In support of petitioner's motion to expunge the words above quoted from said order, he attached as an exhibit a certified copy of what petitioner said on that occasion as reported by the official court reporter. The transcript of the proceedings duly certified by the court reporter was legal evidence.

This court has carefully considered the transcript of the proceedings as certified by the court reporter as to what occurred on the hearing, in connection with the answer and affidavits. We do not agree with the circuit court in its interpretation of the statement made by petitioner as thus shown. We do not think that he meant by the words used on that occasion to say that he did not desire the receivership vacated, and thereby to preclude himself from moving to vacate the order, which motion was then under consideration and was then being pressed for favorable action. We conclude therefore that the words we have copied should be stricken from the order.

A few days after this hearing, petitioner, as superintendent of banks, filed a general creditors' bill against many officers and employees of the bank seeking a discovery and an application of their equitable assets to their alleged debts respectively to the bank. This bill included Sam C. King as vice president and sought substantially the same relief as to him as was sought in the pending suit of J. E. Smith et al., in which the orders to which we have referred were made. The court without notice made an order consolidating the two suits and directed that they should proceed under the title and number of the Smith suit, and that petitioner's suit should be treated as an intervention in the other. Petitioner moved to vacate the order of consolidation. Upon a denial of such motion he applied to this court for mandamus. It is a companion proceeding to this one. We have considered that application for mandamus (129 So. 69[1]) and refer to it for a further statement of the facts relating to the orders of consolidation.

In orders of consolidation made in the two cases and in denial of petitioner's motion to vacate them, the court incorporated subtantially the same averments stated in the order striking petitioner's motion to vacate the order appointing a receiver. Petitioner has moved to expunge such statements from those orders.

We have treated the advisability of a consolidation of the cases and their future conduct in the mandamus proceeding of petitioner to review the orders to that effect. We concluded that the orders of consolidation containing the objectionable matter should be stricken because the two cases were inconsistent and could not be prosecuted concur-

rently to the extent that they sought the same relief, and therefore we ordered that their consolidation be vacated. This carries with it all features of those orders, including the objectionable matters. We therefore conclude that it is unnecessary to include action on such matters in this proceeding.

We wish to make it plain that the statement by the superintendent of banks made in court as shown by the record in this court should not prejudice him in the discharge of his official duties as the statutory receiver (McDavid v. Bank of Bay Minette, 193 Ala. 341, 69 So. 452) of the bank, to make such defense and pursue such a course in the litigation as he may wish consistent with correct equitable principles and the material facts.

Our conclusion is, therefore, that the writ of mandamus should and it is ordered that it shall issue to the extent that there be expunged from the order of the court made on the 13th day of February, 1930, the following words, to wit:

"To the effect that he desires to cooperate in the proceedings and did not desire the receivership vacated and that he would join in said proceedings and cooperate in the prosecution of the same."

In other respects the writ of mandamus as prayed for need not issue.

Writ awarded, as above indicated.

ANDERSON, C. J., and GARDNER, THOMAS, and BOULDIN, JJ., concur.