**BUTTERMORE v. UNITED STATES.**

No. 10926.

United States Court of Appeals
Sixth Circuit.

March 13, 1950.

W. S. Heidenberg, Louisville, Ky. (W. S. Heidenberg, Louisville, Ky. and Chat Chancellor, Frankfort, Ky., on the brief), for appellant.

John A. Fulton, Louisville, Ky. (John A. Fulton, Louisville, Ky., on the brief; David C. Walls, Louisville, Ky., Theron L. Caudle, Charles Oliphant, Washington, D. C., on the docket), for appellee.

Before HICKS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

HICKS, Chief Judge.

Appellant was convicted and sentenced upon all four counts of an indictment charging him with wilfully and knowingly attempting to defeat and evade a large part of his income tax by filing and causing to be filed with the Collector of Internal Revenue a false and fraudulent income tax return in violation of Sec. 145(b), Int.Rev. Code, 26 U.S.C.A. § 145(b). The years involved are 1942, 1943, 1944 and 1945, and the year 1943 involved victory as well as income taxes.

We have examined the evidence and have reached the conclusion that it is amply sufficient to support the verdict.

It is undisputed that for the years involved appellant did not keep records from which his income might be properly determined. It was necessary therefore that the computation of his taxes be made as provided for in Sec. 41 of the Internal Revenue Code, 26 U.S.C.A. § 41. The method adopted by the revenue agents was that commonly referred to as the net worth basis. Prior to the trial the agents prepared a statement of net worth which we find it unnecessary to discuss in detail because there was a stipulation that the items contained therein were correct with three exceptions, i. e., (1) cash on hand not in bank; (2) item 6, loans or advances to the corporation (Elcomb Coal Corporation) by Dr. Buttermore, amounting to more than $80,000 and (3) item 19, cost of living.

■ The record reveals a controversy over what is called "hospital cuts." Appellant was a physician and his practice was principally limited to coal miners and their families. These miners, through their Union, agreed with the operators that certain amounts should be paid to appellant from their wages, out of which he would pay the expenses incident to maintaining necessary hospitalization of his patients. Appellant insists that the amounts so paid to him constituted an untaxable trust fund. In the charge the court told the jury that it was not, and explained that appellant should have returned such funds in his schedules and taken deductions for the expenses incident thereto.

We see no error in this instruction, and moreover, it was unexcepted to.

■ Appellant contends that the trial judge in instructing the jury categorically that the "hospital cuts" did not constitute a trust fund, should have also instructed the jury that, nevertheless, if the appellant in good faith believed them to constitute an untaxable trust fund and acting under such belief did not include them in his reported income, such action would not be the wilful intent on his part necessary for a violation of the statute. Such is a correct statement of the applicable law. Battjes v. United States, 6 Cir., 172 F.2d 1, 4. But the meaning of wilful intent and the necessity of its existence in order to constitute the offense charged had previously been carefully explained to the jury in the court's instructions, and it was not necessary that it be repeated.

■ We are not to be understood as holding that the agreement that the items contained in the statement of net worth prepared by appellee was correct amounted to a confession of guilt. Obviously, it did not, but it is clear enough that the jury, upon the consideration of the statement, as well as all other facts and circumstances in evidence, was justified in concluding beyond a reasonable doubt that appellant had taxable income for the years involved which he did not report. In this connection, it appears that during the years involved, appellant as a physician received large amounts of money from various coal companies, which by agreement with their miners, were paid to him for professional services, substantial portions of which were not returned in his schedules.

We cannot within reasonable limits consider item by item appellant's undisclosed income, but we refer briefly to what is styled in the record as undisclosed or unidentified deposits. The essential facts with reference to these deposits are, that appellant was the principal owner of the stock of Elcomb Coal Corporation, which operated at least two coal mines and which was engaged in other activities. The remaining stockholders were members of appellant's immediate family and his was the master mind in the operation of the company. During the years involved appellant deposited, or caused to be deposited in bank, more than $65,000 to the credit of the corporation. The amount of the deposits for each year is found in the record.

Appellant complains that the government agents failed to make reasonable determination as to the sources of the unidentified deposits; that such a reasonable investigation of the facts would have disclosed that many of such deposits did not constitute taxable income; and that it was improper to proceed on the assumption that all such deposits constituted taxable income, with the resulting burden on the appellant to show the contrary. Strong reliance is placed upon Kirsch v. United States, 8 Cir., 174 F.2d 595. However, it was stated in that case that what constitutes a reasonable effort to establish the facts, and what facts and circumstances will constitute a proper foundation for such an assumption, must be left to a considerable extent to the discretion of the trial court. In view of the testimony of appellant's bookkeeper, of his accountant, and of the two Government witnesses, McGovern and Albertine, we are of the opinion that this question was properly left to the jury under appropriate instructions. The jury was instructed that if they believed beyond a reasonable doubt that the funds belonged to appellant he should have included them in his return, but if they were assets of the Elcomb Coal Company they were not to be considered as assets concealed by the appellant for the purpose of evading his income tax. Whether the falsified returns were wilfully filed by appellant for the purpose of escaping or defeating the collection of his taxes was a question for the jury under the instructions of the court and the court's charge was clearly appropriate to the issues, and was unexcepted to. Upon the essential element of wilfulness, the jury had before it the evidence that appellant failed to keep intelligible records of his income; that he failed to disclose large amounts of his income deposited in bank to the credit of the corporation, and that the records of the corporation, which were themselves inadequately kept, made no such disclosures, together with all the other facts and circumstances. It is not material to the issues that these deposits are some times referred to either as loans or as advancements.

■ Appellant complains that the court refused to give to the jury the following requests:

"No. 1. The Court instructs you that you are not to consider the evidence relative to the unknown bank deposits, inasmuch as you have no right to assume that simply because the source of the bank deposits are undisclosed that these deposits were made by the defendant. The burden of proving that these deposits consisted of funds of Dr. Buttermore, has not been sustained by the Government, and, therefore, you will disregard all of such testimony.

"No. 2. You are further instructed that any mistakes appearing on the books of the Little Creek or Elcomb Coal Companies have not been shown in any way to have been caused or made as a result of the procurement of the defendant and you will, therefore, disregard such testimony."

These requests are printed in the record but nothing indicates that they were ever filed as required by Rule 30 of the Rules of Criminal `Procedure, 18 U.S.C.A., or that they were brought to the attention of the court, or that any action or failure to act upon them was excepted to. Moreover, Request No. 1 was fully covered by the charge, and Request No. 2 was inapplicable. It assumed the existence of highly controverted facts which presented questions to

be determined by the jury and not by the court.

After the close of the argument appellant's counsel objected to the following statement in the argument of the assistant district attorney, to wit: "Little Creek paid part of it,—you and I paid the balance." This statement was with reference to furniture purchased by Harry K. Buttermore, son of appellant, and charged to the Little Creek Coal Company, one of the mines operated by the Elcomb Company. Appellant's counsel requested the court to instruct the jury not to consider the statement, but the request was overruled.

Again, the assistant district attorney, referring to certain life insurance premiums which appellee insisted were paid out of income of appellant, said,—"You and I are paying the premium." When this occurred, appellant's counsel made a motion to discharge the jury, which was overruled.

Again, the assistant district attorney, referring to what is called the Laura Cain property, which appellee insisted was paid for out of the income of appellant, said: "Each one of us helped pay for that piece of property." Thereupon, a motion to discharge the jury was overruled.

■ Appellant's complaint is, that these excerpts from the argument carried an inference that the members of the jury were required to account for taxes which appellant had sought to defeat and evade. We do not commend this character of argument. It was improper and the court not only should have reproved counsel but should have instructed the jury to disregard it. We conclude, however, that there was nothing contained in it calculated to arouse prejudice in the minds of a jury honestly seeking to administer justice in this particular case. The court certainly did not abuse judicial discretion by declining to declare a mistrial and discharge the jury, or by overruling appellant's motion for a new trial. If the case against appellant had been a weak one another course might have been justified. See Berger v. United States, 295 U.S. 78, 79, 55 S.Ct. 629, 79 L.Ed. 1314; Stephan v. United States,

6 Cir., 133 F.2d 87, 98; United States v. Lotsch, 2 Cir., 102 F.2d 35.

We have examined the record and find no reversible error therein. It is accordingly ordered and adjudged that the judgment appealed from be and the same is affirmed.