# Brindley *v.* Brindley.

*Bill in Equity for Alimony.*

1. *Alimony without divorce; allowance pending suit.*—A wife may maintain a bill against her husband for alimony without also asking for divorce; and where on a bill filed for such purpose she avers that her husband abandoned her when she was sick and in a helpless condition, without just cause, and accused her of infidelity and made base and vile charges against her without any foundation, she is entitled to temporary alimony and reasonable attorney's fee; and the allowance of the amount of temporary alimony and the solicitor's fee being largely within the discretion of the court, dependent upon the facts and circumstances of each particular case, will not be changed on appeal unless there is presented a strong case of error.

APPEAL from the Chancery Court of Cullman.

Heard before the Hon. WILLIAM H. SIMPSON.

The facts of the case are sufficiently stated in the opinion.

J. B. BROWN, for appellant.—A wife is entitled to temporary alimony in suits for alimony without divorce. 1 Amer. & Eng. Encyc. of Law, pp. 470, 471, notes; *Foss v. Foss*, 2 Ill. App. 411; *Fellows v. Fellows*, 8 N. H. 160; *Gayner v. Gayner*, 31 L. T. Mat. Cas. 144; *Brown v. Brown*, 3 Swat. & T. 117; *Washburn v. Washburn*, 9 Cal. 475.

ARTHUR L. BROWN and S. L. FULLER, *contra.*—1. The court has jurisdiction to entertain a complaint seeking maintenance or alimony without any prayer for divorce. *Glover v. Glover*, 16 Ala. 442; *Hinds v. Hinds*, 80 Ala. 225; *Murray v. Murray*, 84 Ala. 363. A wife may enforce her support directly by a suit for maintenance or alimony without asking for divorce; or it may be enforced as an incident of the proceedings for divorce.—9 Amer. & Eng. Encyc. of Law, 816; *Murray v. Murray*, 84 Ala. 363.

2. The allowance of temporary alimony and solicitor's fees was proper.—*Rast v. Rast*, 113 Ala. 319; *Edwards v. Edwards*, 80 Ala. 97; *Mahone v. Williams*, 39 Ala. 202; *Jeter v. Jeter*, 36 Ala. 391.

[Brindley v. Brindley.]

COLEMAN, J.—The appellee, Annie Brindley, filed the present bill against her husband, the purpose of which was not to obtain a divorce, but maintenance. After the filing of the bill, and the respondent had been brought into court, she petitioned the court for temporary alimony and a reasonable allowance for counsel fees. The court ordered the register to hold a reference, and report what would be a reasonable amount *pendente lite*. The respondent was duly notified of the time and place of executing the reference, and appeared. The register reported that six dollars per month for maintenance, and twenty-five dollars for counsel fees, would be reasonable. This report was confirmed by the court. The present appeal is prosecuted from the decretal order of the court to the register, from the report of the register and the decree of confirmation.

That the wife is entitled to the relief prayed for in the bill, and to temporary alimony and reasonable counsel fees *pendente lite*, upon proper averments and proof, is not an open question in this court.—*Glover v. Glover*, 16 Ala. 440 ; *Murray v. Murray*, 84 Ala. 363 ; *Rast v. Rast*, 113 Ala. 319 ; *McFarland v. McFarland*, 64 Miss. 449 ; *Johnson v. Johnson*, 125 Ill. 510.

The bill charges abandonment by the husband, "and at a time when she was sick and in a helpless condition, took her in his buggy to her father's house and left her, and has not been to see her, or paid any attention to her since." The bill further charges, that respondent "has accused her of adultery, and made base and vile charges against her, without the shadow of a foundation for them," and has attempted to induce witnesses to testify that she had been guilty of such misconduct.

We have no hestitation in declaring that the averments of the bill are sufficient, and if sustained by the evidence, entitle her to relief.

We have examined the evidence taken before the register, and are reasonably satisfied that the allowance made is not excessive. The amount allowed by the court upon the report of the register is merely interlocutory, and subject to the further orders of the court. The amount may be increased or diminised during the further progress of the cause, as the necessities of the parties and justice may demand.

We find no error in the record,

Affirmed,