[Brady v. Brady.]

# Brady *v.* Brady.

*Bill in Equity for Alimony.*

[DECIDED FEB. 2, 1905.]

1. *Alimony Allowed Although Divorce not Asked for.*—In this state, courts of equity have jurisdiction to grant alimony to a married woman in the nature of maintenance, disconnected from any proceeding for a divorce; but in a suit where a divorce is not sought, the allowance of temporary alimony, or alimony pending the suit, is a matter which rests in the sound discretion of the court.

2 *Same; Same; Case at Bar.*—In a suit by a wife for alimony in which she does not ask for a divorce, where the undisputed evidence shows that the annual income of the husband is between $80.00 and $160.00 the allowance of alimony of $12.50 per month for the complainant is excessive.

3. *Equity Pleading and Practice; Bill for Alimony; When Decree Will not Support Appeal; Mandamus.*—Where a wife files a bill against her husband for alimony without also asking for a divorce, a decree confirming the report of the register as to the amount of alimony to be allowed, and ordering the respondent to pay a given amount to the register to defray the fees of complainant's solicitor, and the monthly payments to complainant pending the suit; and further ordering that, in default of the payment of said amounts, the respondent should be imprisoned in jail, is not such a final decree as will support an appeal; but, upon a motion being made in this court for mandamus and submitted upon the certified transcript, said decree can be vacated by mandamus. (*Brindley v. Brindley*, 115 Ala. 474, explained and qualified.)

APPEAL from Elmore Chancery Court.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellee, L. M. Brady, the wife of James N. Brady, against the said James N. Brady. It was averred in the bill that complainant had lived with the respondent as his wife for several years, faithfully and affectionately performing all of her marital duties until a short time before the

[Brady v. Brady.]

filing of the bill, when the respondent sent her away to her brothers; that the respondent had often threatened and abused her; that he had sent her away without money or means of support; and that she had no means of support except that which was given her by her brothers; that she had no property except a small tract of unimproved land; and that her husband was a farmer owning a good farm of over one hundred acres, and had other property. The prayer of the bill was for alimony pending the suit and attorney's fees, and, upon the final hearing, that the complainant be decreed a certain amount as permanent alimony, or allowance.

Upon the final submission of the cause upon the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and ordered as set forth in the opinion. From this decree, the respondent appealed, and assigned the rendition thereof as error.

C. O. E. TIMMERMAN, for appellant.—The right to temporary alimony certainly must be founded upon facts which convince the court that the wife is properly and justifiably away from home. There are no such facts here. The wife's deposition before the register, if taken alone, will not justify any such inference; and coupled with the denials of the husband, there is certainly no justification for the order.—*Brindley v. Brindley*, 115 Ala. 475.

In the next place, the delicacy of the relations being tampered with in this class of cases, induces the court to restrict its power to dealing with the *income of defendant*.—*Murray v. Murray*, 84 Ala. 363; *Harding v. Harding*, 21 L. R. A. 310.

(No counsel marked as appearing for appellee.)

ANDERSON, J.—The complainant filed her bill for alimony and counsel fees, against her husband, but sought no divorce.

A reference was ordered and had and the report of the register recommended $25.00 for attorney's fees and $12.50 per month for the complainant. Whereupon the chancellor confirmed said report, and ordered the re-

spondent to pay over $100.00 to the register to pay said solicitor's fees and the monthly payments to the complainant pending this suit, and ordered respondent to jail in default of the payment of said $100.00.

"It is firmly settled by the decisions of this court, in consonance with the decisions of the courts of other states,—although it may be that the weight of authority in England and this country is opposed to the doctrine— that courts of equity have jurisdiction to grant alimony to a married woman in the nature of maintenance, unconnected with any proceedings for divorce.—*Hinds v. Hinds*, 80 Ala. 225; *Murray v. Murray*, 84 Ala. 363; *Brindley v. Brindley*, 115 Ala. 474.

"In this state, we have no statute providing for alimony disconnected with a suit for divorce, and for independent proceedings in that behalf, we are remitted to the general principles of equity courts in the adjudication of rights between the parties. But in divorce suits, the statute does provide that 'Pending a suit for divorce, the court must make an allowance for the support of the wife out of the estate of the husband, suitable to the condition of his estate and the condition in life of the parties."—Code 1896, § 1495 (2331.) Under the construction placed on this statute, the allowance of temporary alimony, or alimony or support pending the suit is matter not of discretion, but of right.—*Edwards v. Edwards*, 80 Ala. 97. Independent of statute providing otherwise, it is the generally conceded rule, that the allowance of alimony *pendente lite* in suits for divorce, is not a matter of absolute right, but rests in the sound discretion of the court.—2 Am. & Eng. Ency. Law (2nd Ed.), 101. In a suit prosecuted by the wife for alimony alone, it is manifest, therefore, that a court of equity in this state is not bound by the section of the Code above quoted, to allow it as a matter of right.

"Another well recognized principle in divorce suits, uninfluenced by statute is, that 'although alimony *pendente lite* should be allowed without an examination of the merits of the case, yet a *prima facie* case must be shown in behalf of the wife, and where she is the libellant or the plaintiff, it should appear that the suit is brought in good faith, and not merely for the purpose of obtain-

ing money from the husband; for if it appears that the suit is without just or reasonable foundation, or is prompted by malice or oppression towards her husband, or that the husband's success is very apparent, no allowance should be made to the wife.—2 Am. & Eng. Ency. Law (2nd ed.), 101."—*Brindley v. Brindley,* 121 Ala. 430, 431.

The bill doubtless makes out a *prima facie* case for equitable relief, but we question the propriety of confirming this report upon the evidence before the register when holding the reference, as the complainant failed to satisfactorily establish her allegation, but the weight of the evidence was that she left her husband's bed and board of her own volition, and there was absolutely nothing to negative his willingness for her to return.

The complainant testified to facts, (if true) that were calculated to make her position in respondent's home unpleasant. Also that he told her when she left, that he hoped to not see her again until "judgment day." Respondent denied any unkind treatment and testified that his wife was not driven off by him but went on a visit to her people. Complainant corroborated the respondent on her cross-examination by admitting that she told respondent's son, Milton, the day she left, to tell his father to send for her Sunday. If she was driven off by the husband and was leaving for good, it does not stand to reason that she would be sending him a message, the very day she left, to come or send for her the following Sunday.

It appears from the record that when the evidence was taken before the register, the respondent attempted to introduce other witnsses and was informed by the register that he could not do so, "because notice had not been given to the complainant at the opening of the reference." Paragraph three contained in section 743 of the Code of 1896 relating to taking evidence upon reference before registers, says; "To examine on oath, viva voce, all witnesses produced by the parties before him, and take down such evidence in writing." This action of the register was a practical denial to the respondent of

27

[Brady v. Brady.]

his constitutional rights, and the report should not have been confirmed by the chancellor.

Conceding, however, that the complainant was entitled under the proof to an allowance, we think the amount allowed, $12.50 per month, was excessive, and that under no condition should the allowance to the wife exceed one-half of the husband's net income, even in cases where he has no others dependent upon him for a support.

The undisputed evidence showed that respondent had a small farm of 113 acres and a few hundred dollars in personal property and that the place was leased for $80 per year. The complainant tried to show collusion as to the lease between respondent and his son, but her own brother and witnesses put respondent's income at not exceeding $160.00 per year, making no allowance for taxes and necessary improvements. Yet we find a monthly allowance to the wife, that will by the year equal the husband's entire income after paying the tax on the land, and after placing the rental value at the maximum price fixed by complainant's witnesses.

The only duty owed from the husband to the wife in cases of this character, which we have power to enforce or aid in enforcing, is that of maintenance. And in accomplishing this we feel authorized to deal only with the income of the husband. We cannot compel him to labor and earn an income, although some authorities assert that doctrine.—60 Am. Dec. 680 and note to *Methrin v. Methrin.*

The measure of the duty of the husband to provide maintenance for the wife, should be graded by his means and position in society. Maintenance not beyond the husband's means is all that the law can enforce.—*Murray v. Murray*, 84 Ala. 363.

Alimony *pendente lite*, strictly speaking, is that allowance which the husband may be compelled to pay his wife to prosecute the suit for divorce or separation, or to defend and answer where the proceedings are instituted by him. But an allowance as alimony *pendente lite* may also be made in an action for alimony without divorce, where the wife is without means, and the husband is able to furnish them.—2 Am. & Eng. Ency. Law, page 99.

[Brady v. Brady.]

It is to be observed that this right is only to be exercised where the wife is *without means*. The evidence in this case shows that the wife owns 80 acres of land and some personal property. It is true the land is bringing in little, or no revenue, but she certainly has enough to support her for such time as would be reasonable for the final adjudication by the chancellor of her right to equitable relief, in a style commensurate with her station in life and former surroundings.

This case was brought here by appeal and this court in the case of *Brindley v. Brindley,* 115 Ala. 474, which was an appeal from a similar decree of the chancellor, passed on the question involved, upon the assumption that the appeal was properly taken. We are of the opinion, however, upon due consideration, that the decree of the chancellor confirming the report and ordering the respondent to pay over money and to jail in default thereof, is not such a one as justifies an appeal, and the *Brindley case, supra,* is explained and qualified in so far as it assumes that the appeal was properly prosecuted.

The decree rendered by the chancellor not being such a final decree, as will support an appeal, or of the class from which the statute gives the right of appeal, *mandamus* can be awarded by the appellate court to vacate said decree.—*Bridgeport Ice Co. v. Bridgeport Land Co.,* 104 Ala. 276; *Ex parte Frcheimer,* 103 Ala. 154. The authorities seem to hold, however, that though it be a decree or order from which no appeal can be had, mandamus will not be granted, if the matter complained of can be remedied by a final decree. It is true the chancellor can set aside or modify this decree upon a final hearing, but, if before that is done this respondent is compelled to pay money to the register who pays it over to the complainant or the respondent is sent to jail in default of payment, a final decree subsequently rendered setting aside the decree of confirmation and the order of imprisonment, could not put the respondent *in statu quo.*

While this case was brought here by appeal, and there has been no formal petition for *mandamus,* stating the facts upon which relief is asked, we have an authentic transcript of the record of the proceedings, and the re-

[New, *et al.* v. Young.]

spondent spread a motion on the docket, before the case was submitted, asking for a *mandamus*, which is sufficient to authorize us to entertain a motion for same.—*Ex parte F. Mfg. Co.*, 103 Ala. 415.

It is ordered and adjudged, that a rule *nisi* issue to the chancellor of the Northeastern Chancery Division, requiring him to appear on Monday the 10th day of April, 1905, and show cause why a peremptory *mandamus* shall not issue, commanding him to vacate said decree of confirmation.

McCLELLAN, C. J., TYSON and SIMPSON, JJ., concurring.