275 So.2d 345

**Roy E. SELF**

**v.**

**Peggy SELF.**

**Civ. 53, Civ. 53X.**

Court of Civil Appeals of Alabama.

March 28, 1973.

Sherman B. Powell, Decatur, for appellant.

Asa C. Hartwig, Cullman, for appellee-cross-appellant.

HOLMES, Justice.

Peggy B. Self originally brought suit for divorce against Roy E. Self in the Circuit Court of Cullman County, Alabama, in April of 1971. The ground for divorce in

the original suit was physical cruelty, but was later amended to include the ground of incompatibility of temperament.

In addition to the divorce, Mrs. Self sought permanent child custody, alimony and child support, the house and certain personal property owned by the parties and reasonable attorney's fees.

After issue was joined, testimony on the bill of complaint proceeded *ore tenus,* and a final decree of divorce was granted on the ground of incompatibility of temperament; custody of the child of the parties was awarded to Mrs. Self with visitation right to Mr. Self; Mr. Self was ordered to pay $150 per month as alimony and child support and to provide for the necessary medical and dental expenses for the minor child; the personal property of the parties was equally divided; and the decree provided that Mr. Self was to pay an attorney's fee of $250 to the attorney for Mrs. Self.

From this decree, Mr. Self, hereinafter referred to as appellant, has taken this appeal and Mrs. Self, hereinafter referred to as appellee, has cross appealed.

The testimony reveals that the parties have been married slightly in excess of a decade; that one minor child, now six years of age, was born of their union; that appellant-husband earned approximately $160 per week with a take-home pay of $125 to $130; that appellee-wife earned approximately $40 per week. The parties have been living separate and apart for approximately one year prior to their divorce.

There was evidence that the parties owned a home with a mortgage thereon, but the record does not reveal how the home was purchased, paid for, or in whose name the legal title the home is in. Furthermore, there is no disposition of the home mentioned in the decree.

We do not deem it necessary to this opinion or in the best interest of the parties to detail the testimony as to the acts of violence or inharmonious relationship of the parties, but suffice it to say that if the appellee-wife's testimony is believed, their marriage has been somewhat turbulent.

Appellant first contends, by his assignments of error and argument in brief, that the trial court erred in granting appellee-wife a divorce on the ground of incompatibility of temperament in that the evidence was not sufficient to support the decision of the trial court.

In Phillips v. Phillips, 49 Ala.App. 514, 274 So.2d 71 (January 1973), this court defined and discussed incompatibility of temperament as a ground for divorce in Alabama, and we do not here need to reiterate what we stated in that opinion. However, in general terms, in *Phillips, supra,* we defined incompatibility as referring to conflicts in personality and disposition so deep as to be irreconcilable and to render it impossible for the parties to continue a normal marital relationship with each other. We further said that this new ground for divorce in Alabama gives to the trial court additional discretional power and its determination that a divorce should be granted or should not be granted on such ground will only be reversed if such decision is plainly and palpably wrong.

As was stated in *Phillips, supra,* the trial court, in determining whether or not incompatibility exists, should consider whether or not there is a conflict of personality; whether or not there is mutual concern for the emotional needs of each other; whether the marriage is characterized by financial difficulties, long physical separation, difference of interests, resentment, coolness, distrust and constant bickering; and whether antagonistic feelings exist that are irreversible and demonstrate an irremediable rift.

With the above in mind, the evidence in the matter now before us reveals that shortly before the parties separated the appellant had pointed a pistol at appellee's heart and clicked it a few times; that the parties had been separated approximately

one year prior to the decree; that appellee felt the marriage could not be saved and did not want to return and live with appellant; and that appellee was afraid of appellant.

Considering the above with the fact that the trial court heard the witnesses, observed their demeanor, we cannot say the trial court was plainly and palpably wrong.

■ Appellant next contends in his assignments of error and brief that the trial court erred in awarding the six year old minor child of the parties to the appellee-wife. We cannot so agree.

This court stated in Cox v. Cox, 48 Ala. App. 574, 266 So.2d 784, that where a court is faced with conflicting claims of parents for custody of minor children the fundamental controlling inquiry is the best interest of the children.

This court is also cognizant of the rule or presumption of correctness of a decree rendered after a hearing of testimony *ore tenus*. Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561; Randolph v. Randolph, 45 Ala. App. 326, 229 So.2d 923.

From the record in this cause no evidence of unfitness or misconduct of the appellee appears. The decision of the trial court awarding the custody of the child to the appellee will not be interfered with. Glenn v. Glenn, 21 Ala.App. 148, 106 So. 226; George v. George, 255 Ala. 190, 50 So.2d 744.

Appellant's final argument in brief is that the trial court erred in that the amount awarded for child support and alimony, to wit, $150 per month is excessive.

The amount of alimony to be awarded to the wife in a divorce case is addressed to the sound discretion of the trial court, Butler v. Butler, 274 Ala. 352, 148 So.2d 638, as is the amount to be paid for the support of the children, Whiteport v. Whiteport, 283 Ala. 704, 220 So.2d 891, and the exercise of such discretion will not be revised on appeal unless the court is deemed to be palpably in error. Davis v. Davis, 274 Ala. 277, 147 So.2d 828.

■ Cases in Alabama indicate an award of alimony to the wife alone should not exceed one-half of the husband's net income. Brady v. Brady, 144 Ala. 414, 39 So. 237. However, where children are involved the supreme court has affirmed awards exceeding one-half of the husband's net income. Whitfield v. Whitfield, 283 Ala. 433, 218 So.2d 146; Wells v. Wells, 230 Ala. 430, 161 So.2d 794; Rogers v. Rogers, 215 Ala. 259, 110 So. 140. However, each case must depend upon the facts and no mathematical formula can determine what is an appropriate award of alimony or child support.

In the instant case, appellant's take-home pay was approximately $520 per month and appellant's employment contract contained a cost-of-living clause.

■ We cannot say that the trial court, under the evidence in this case, abused its discretion in awarding less than 30% of appellant's net income to appellee for child support and alimony.

In appellee's cross-assignments of error, appellee in brief argues all assigned errors in a single argument.

Essentially, appellee's cross-assignments predicate error in that the court's award of alimony and child support was inadequate. The concern of these assignments may be determined by much of what has already been stated previously in this opinion and cases cited in this opinion heretofore amply dispose of these cross-assignments of error as we cannot find that the court below was plainly and palpably wrong. Butler v. Butler, *supra;* Davis v. Davis, *supra;* Ala. Dig. Appeal and Error, ☞934(1), 1008(1), 1009(1).

■ Appellee also argues in her cross-assignment of error that the court erred in failing to grant appellee possession or title of the jointly used home of the parties for the use of her and the minor child of the

parties. The court made no ruling as to the disposition of the home. It is a well established rule of law that the trial court will not be put in error for failure to rule on a matter which was not presented to or decided by it. See Ala.Dig., Appeal and Error, ☞169.

 Appellee, in her cross-assignment of error No. 3, contends that this court should hold the trial court erred to reversal in that the trial court did not specify what part of the award is for alimony and what part of the award is for support and maintenance of the child. It is not error for the trial court to fail to specify what part of the award is for alimony and what part is for support and maintenance of the child. The trial court could have so specified but it was under no compulsion so to do. See Boyd v. Boyd, 268 Ala. 409, 108 So.2d 176.

In any event, appellee's cross-assignments of error were argued "in bulk" and all were not related. Having shown at least one cross-assignment to be ineffacious, to wit, assignment of error No. 3, other assignments could not work a reversal, even if it was meritorious. Hercules, Inc. v. Jones, 284 Ala. 692, 228 So.2d 9; Stewart v. Weaver, 264 Ala. 286, 87 So.2d 548.

In this case, as mentioned earlier, as in all cases where the judgment or decree is entered by the trial court after the hearing of the testimony *ore tenus,* such judgment or decree is presumed correct and will be reversed on appeal only if after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment or decree is found to be plainly and palpably wrong. Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471; McDonald v. McDonald, 280 Ala. 299, 193 So.2d 519. We cannot in this instance find the trial court's decree so wrong.

Attorney for appellee has requested of this court an award of a reasonable attorney's fee for the services rendered to appellee in support of the original appeal in this case.

We consider $125 to be a reasonable attorney's fee for such services, and an award in that amount is made.

Considering all assignments of error properly presented and argued by the appeal and cross appeal, the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.