291 So.2d 159

**William Allen EUBANKS**

v.

**Marjorie Ann EUBANKS.**

**Civ. 255.**

Court of Civil Appeals of Alabama.

Feb. 27, 1974.

Dominick J. Matranga, Mobile, for appellant.

James E. Atchison and Charles S. Street, Mobile, for appellee.

HOLMES, Judge.

The appellee-wife brought suit for divorce against appellant-husband in the Mobile County Circuit Court on the ground of incompatibility of temperament. In addition to the divorce, the wife sought custody of the parties' two minor children, support for herself and the children, the home owned jointly by the parties, the furniture located in the homeplace, and a reasonable attorney's fee.

Issue was joined; testimony on the bill of complaint proceeded *ore tenus*; and thereafter, the trial court entered a final decree of divorce dissolving the bonds of matrimony; awarded custody of the children to the wife with reasonable and specific visitation rights given to the husband; required the husband to pay $40 per week as child support and maintain certain insurance policies with the children as beneficiaries thereof (hospital and life); ordered the husband to pay existing medical bills incurred by the children; awarded an automobile to the wife and an automobile to the husband; ordered the husband to convey his interest in the homeplace to the wife with the wife to assume the indebtedness thereon; awarded $2,800 to the husband from a joint savings account and awarded the wife approximately $4,500 from the same joint savings account; and, additionally, awarded the wife a $250 attorney fee.

From the above decree the husband has taken this appeal, and contends that the trial court erred to reversal in that the evidence was "insufficient to support the allocation of jointly owned assets in the manner set forth in the decree of divorce." Put another way, it is appellant's contention that the trial court abused its discretion in awarding the jointly owned homeplace and the majority of the savings account to the wife.

The pertinent tendencies of the evidence reveal the following: The parties were married in 1958 and two children were born of the union; a boy now twelve years of age and a girl eight years of age. Both children were hyperactive with the girl being borderline dyslexic. Additionally, both were on medication for their medical problems.

The husband was a long time employee of International Paper Company with gross wages of approximately $165-$250 per week, with an apparent average of ap-

proximately $170. Additionally, the wife worked, earning approximately $250 per month.

Apparently, the entire assets of the parties prior to their separation was a home which they purchased and was jointly owned. Originally, the home was purchased for $18,000–18,500. The parties were able to make the down payment by applying the proceeds from the sale of another home and money obtained from the mother of the husband. The wife testified the $2,500 obtained from her mother-in-law was a gift and the husband testified the money was a loan. However, there was no evidence of the indebtedness such as a note. The mortgage on the home at the time of trial had a balance of approximately $13,000 owing on it and the monthly payments on the mortgage were $106.42. The present value of the home was placed at between $25,000 and $30,000.

The testimony was uncontroverted that the husband left the wife and children with the parties living separate and apart since August of 1972. Trial was held in May of 1973.

Additionally, the evidence shows that while the parties were separated with the wife and children living in the home, the home burned. The fire caused extensive damage to the structure itself and to the personal property contained therein. Thereafter, the parties' insurance carrier payed some $10,000 for loss of personal property and $8,000 for the damage to the structure. As we perceive the testimony, the structure has been repaired and many items of personal property have been replaced or refurbished, with some items still remaining to be replaced. The money placed in the joint savings account and distributed by the court, as set out herein above, was the leftover proceeds of the insurance money.

In this case, as in all cases where the judgment or decree is entered by the trial court after the hearing of testimony *ore tenus,* such judgment or decree is pre-sumed correct and will be reversed on appeal only if, after consideration of all the evidence and all reasonable inferences to be drawn therefrom, we conclude that it is plainly and palpably wrong. Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471; McDonald v. McDonald, 280 Ala. 299, 193 So.2d 519; Body v. Body, 47 Ala.App. 443, 256 So.2d 184; Helms v. Helms, 50 Ala. App. 453, 280 So.2d 159; Self v. Self, 49 Ala.App. 665, 275 So.2d 345; Lipham v. Lipham, 50 Ala.App. 583, 281 So.2d 437; Horsley v. Horsely, 50 Ala.App. 445, 280 So.2d 150.

Able counsel for appellant relies on those lines of cases wherein it is indicated that an award of alimony should not exceed one-half of the husband's net income. See Brady v. Brady, 144 Ala. 414, 39 So. 237; Whitfield v. Whitfield, 283 Ala. 433, 218 So.2d 146; Wells v. Wells, 230 Ala. 430, 161 So. 794. However, as this court noted in Self v. Self, *supra,* each case must depend upon the facts and no mathematical formula can determine what is an appropriate award of alimony. Furthermore, the amount of alimony is a matter addressed to the trial court's discretion, and the court's exercise of that discretion will not be revised on appeal in the absence of abuse. Maddox v. Maddox, 276 Ala. 197, 160 So.2d 481. Appellant further relies upon the general proposition of law that a division of property should not cripple a husband by compelling a sacrifice of his property, citing Sides v. Sides, 284 Ala. 39, 221 So.2d 677; and Leo v. Leo, 280 Ala. 9, 189 So.2d 558.

Here, in this instance, we cannot determine whether the award to the wife is an award of alimony in gross or a property division, and we need not make such a determination.

As noted above, if the award is one for alimony, the amount of such award depends upon the facts of the particular case. Self v. Self, *supra.* If the action of the trial court is a division of property then, even in that event, such a divsion

does not require an equal division of the estate but one graduated according to the nature of the case. See Lovett v. Lovett, 11 Ala. 763; Pope v. Pope, 268 Ala. 513, 109 So.2d 521; 27B C.J.S. Divorce § 291(1); 8 Ala. Dig. Divorce ☞252.

 In the case now before us where the evidence reveals the husband earns approximately $9,000 per year and the wife earns approximately $3,000 per year; the custody of two children with medical problems is awarded to the wife and the husband is to pay $2,080 per year for the children's support; the only asset of any consequence owned by the parties is their home plus proceeds from a fire loss to said home; and where there is no award of periodic alimony after a marriage of approximately fifteen years, this court cannot say that the trial court's decree, awarding the wife the homeplace where she will apparently reside with the parties' children (when she is to assume the mortgage on the homeplace) and two-thirds of the remaining proceeds from the insurance claim, is plainly and palpably wrong. See King v. King, 269 Ala. 468, 114 So.2d 145. Therefore, the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.