293 So.2d 860

George J. YUSCAVAGE

v.

Vera Jane YUSCAVAGE.

Civ. 253.

Court of Civil Appeals of Alabama.

April 24, 1974.

Charles C. King, Huntsville, for appellant.

Nancy S. Gaines, Smith, Walker, Morris and Smith, Huntsville, for appellee.

PER CURIAM.

This appeal is from the final decree of the Circuit Court of Madison County, Alabama, awarding appellee (wife) a divorce from the bonds of matrimony, the custody of three minor children, and permanent alimony against appellant (husband). On the trial the testimony was taken orally before the court.

Appellant assigns eleven errors; he seriously argues but one. That assignments not argued are waived is so well established and generally understood that we deem it not necessary to cite authorities.

The one assignment insisted upon by appellant is number eight, which charges that the court abused its discretion by awarding all of appellant's real and personal property to appellee as permanent alimony. We confine our discussion to that proposition.

The parties were married in Gainesville, Florida in February 1969, and they thereafter lived together some of the time in Huntsville, Alabama until August 1972. The bill for divorce was filed on December 18, 1972.

The marriage was tumultuous almost from the beginning. Prior to the filing of the bill in this case the wife filed two other unsuccessful or uncompleted suits for divorce on the ground of cruelty, one of them only four months after the marriage. Relief was denied in the first suit. The

record fails to show what disposition was made of the second.

One child was born out of wedlock and two during the marriage. By its decree the court awarded them to the mother and secured to the father the usual visitation rights.

Several years before the marriage, appellant bought a lot in Huntsville, Madison County, Alabama, for which he paid $6,000.00 in cash. Thereafter, still before the marriage, he built a dwelling thereon, which the testimony shows now has a market value of not less than $35,000.00. This dwelling is the bone of contention in this lawsuit.

The court awarded the dwelling to the wife as permanent alimony, together with all of the furniture, furnishings, and other items of personal property contained therein, and ordered the title divested from the husband and vested in the wife. If the husband owns other property than an automobile, the testimony does not reflect it.

■ In decreeing and fixing the amount of alimony to be allowed the wife, the trial court is clothed with much discretion, which usually will not be disturbed, but that discretion is judicial and is subject to review on appeal. Gray v. Gray, 45 Ala. App. 564, 233 So.2d 504 and authorities therein cited. However:

"In this case, as in all cases where the judgment or decree is entered by the trial court after the hearing of testimony *ore tenus,* such judgment or decree is presumed correct and will be reversed on appeal only if, after consideration of all the evidence and all reasonable inferences to be drawn therefrom, we conclude that it is plainly and palpably wrong." Eubanks v. Eubanks, 52 Ala. App. 224, 291 So.2d 159, and cases therein cited.

In Self v. Self, 49 Ala.App. 665, 275 So.2d 345, this court said, *inter alia:*

"Cases in Alabama indicate an award of alimony to the wife alone should not exceed one-half of the husband's net income. Brady v. Brady, 144 Ala. 414, 39 So. 237. However, where children are involved the supreme court has affirmed awards exceeding one-half of the husband's net income. (Citing Whitfield v. Whitfield, 283 Ala. 433, 218 So.2d 146 and other cases.) However, each case must depend upon the facts and no mathematical formula can determine what is an appropriate award of alimony or child support."

In the recent case of Eubanks v. Eubanks, *supra,* this court affirmed the decree of the trial court awarding to the wife practically all of the estate created by the joint efforts of the parties. This court said:

"As noted above, if the award is one for alimony, the amount of such award depends upon the facts of the particular case. Self v. Self, [49 Ala.App. 665, 275 So.2d 345]. If the action of the trial court is a division of property then, even in that event, such a division does not require an equal division of the estate but one graduated according to the nature of the case." Citing Lovett v. Lovett, 11 Ala. 763; Pope v. Pope, 268 Ala. 513, 109 So.2d 521; 27B C.J.S. Divorce § 291(1); 8 Ala.Dig.Divorce ☞252.

■ We think that in the instant case the trial court took into account that the wife is saddled with the responsibility for caring for, rearing, and educating three children now of tender years but soon to become older and more needful, that her own ability to earn will be very limited, and that the prospect of squeezing child support money out of the father in the near future is dim indeed; wherefore, we are not persuaded that the court abused its discretion or that the decree is plainly and palpably wrong.

The foregoing opinion was prepared by T. Werth Thagard, supernumerary judge assigned to this court pursuant to the pro-

visions of Act No. 987, Acts of Alabama 1969, p. 1744, and adopted by the court as its opinion.

Affirmed.

All the Judges concur.