This appeal is from a final divorce decree. The appellant, Mildred Goodwin, petitioned the Circuit Court of Calhoun County for a divorce from the appellant, William Howard Goodwin. After a hearing ore tenus, the trial court divorced the parties on the grounds of incompatibility of temperament and awarded periodic alimony to Mrs. Goodwin in the sum of $100.00 a month. In addition, Mrs. Goodwin received a property settlement. From the trial court's decree Mrs. Goodwin appeals, contending that the periodic alimony awarded was inadequate and that her portion of the couple's common estate was not sufficient under the circumstances of the case.
The record before us reveals that Mr. and Mrs. Goodwin were married approximately twenty-two years before they were divorced. At the time of the trial both parties were in their early fifties. The husband suffers from high blood pressure, but otherwise is in good health. Conversely, the wife's health is poor. She has had several operations relating to the removal of one of her breasts. In addition to her mastectomy, she has also undergone surgery for the removal of a ruptured disc. Finally, she has suffered from periodic stomach problems throughout her life and as a result she has a duodenal ulcer.
The husband is a licensed pharmacist. He owns his own drugstore as well as the small shopping center complex at which the store is located. He receives rental payments from the other stores in his complex and those payments coupled with the income from his pharmacy produce a yearly sum of approximately $40,000. He testified that due to his health he intended to work less than he presently does and indicated that in the future he anticipated a yearly income of between $20,000 to $24,000.
The wife worked in the husband's business during the couple's marriage. Although she did not receive a salary, she was allowed to withdraw money from the business account of the pharmacy whenever she needed it. Moreover, while employed at the pharmacy she acquired skill as a bookkeeper and is capable of continuing to work in such a capacity despite her health problems.
Because of hard work and business acumen Mr. and Mrs. Goodwin enjoyed a comfortable standard of living throughout their marriage. They also acquired several parcels of real estate during their marriage. Among the properties held by the parties at the time of the divorce were the following: three cemetery plots; a residence; an undeveloped residential lot; two automobiles; a housetrailer; a boat; five savings accounts totalling approximately $54,600; 2.13 acres of commercial real estate on which the drugstore was located; and various household furnishings, jewelry and furs.
The property division made by the trial court provided Mrs. Goodwin with the cemetery plots, one automobile, a portion of the household furnishings, and the jewelry and furs. She also received $50,144 from the savings accounts. The proceeds from those accounts were awarded to the wife as payment for any interest which she had in the drugstore and the shopping center complex in which the drugstore was located.
On the other hand, Mr. Goodwin received the remaining automobile, the housetrailer, the boat, a part of the household furnishings, and $4,500 which was held in an IRS savings account. He was also awarded all right, title and interest in the shopping center and its assets.
The court's divorce judgment further directed that the parties' residence and their undeveloped residential lot be sold with the proceeds from the sale being divided equally between Mr. and Mrs. Goodwin. Finally, the husband was ordered to pay his former wife $100 a month as periodic alimony and to maintain her present insurance coverage.
On appeal Mrs. Goodwin argues that the trial court abused its discretion in the division of the parties' property. Furthermore, she contends that the amount of periodic alimony awarded is inadequate. *Page 680 
The trial court in granting a divorce may exercise its discretion with regard to an award of alimony or a division of property. And unless the record before this court demonstrates a plain and palpable abuse of that discretion, the judgment of the trial court is not subject to revision or reversal on appeal. Moreover, in making its determination in such matters as alimony and division of property, the trial court may inquire into such relevant factors as: the parties' economic circumstances; the parties' future prospects; the parties' standard of living during their marriage and their potential for maintaining or exceeding that standard after their divorce; their ages, sex and health; the length of their marriage; the source (or sources) of their common property; and in appropriate situations, the conduct of the parties with reference to the cause of divorce. Roberts v. Roberts, Ala.Civ.App., 357 So.2d 150 (1977); Mitchell v. Mitchell, Ala.Civ.App., 351 So.2d 602 (1977).
Considering the above mentioned factors in the present case we cannot say that the trial court's decision regarding the division of property between the parties was either inequitable or unjust. Indeed, the record reveals that the couple's property was divided almost equally between them. Their largest asset, the commercial property on which the husband's drugstore is located, was vested in the husband. However, it is subject to a mortgage indebtedness of $60,000 which the husband is obligated to pay. Moreover, the wife received $50,000 for her interest in the property, and in view of the husband's testimony that he contributed about eighty percent of the effort in maintaining the business as well as our own recognition that without his services as a pharmacist there would not have been a significant amount of trade at the drugstore, we are not prepared to hold that the trial court plainly and palpably abused its discretion in the division of Mr. and Mrs. Goodwin's jointly owned property.
However, although we find no error with respect to the property division, we view the trial court's award of periodic alimony to the wife as inadequate. The evidence demonstrates the husband's yearly income as a pharmacist to be around $34,000. In addition, he receives approximately $6,000 to $8,000 more a year in rental income. Despite this fact, the wife was awarded only $1,200 a year in periodic alimony. Based on the husband's present income and his future prospects for maintaining that income level, the wife's health problems and the fact that she no longer has a residence in which to live, we believe that the trial court plainly and palpably abused its discretion in the amount awarded to the wife as periodic alimony. We are therefore of the opinion that the wife should receive the sum of $450 a month as periodic alimony.
The wife has also requested that she be awarded an attorney's fee for the services of her lawyer on this appeal. We conclude that the request is a reasonable one and therefore award her $350 as an attorney's fee for this appeal.
That portion of the trial court's decree awarding the wife periodic alimony in the sum of $100 a month is reversed. All other portions of the divorce judgment are affirmed.
ATTORNEY'S FEE AWARDED.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR THE ENTRY OF A DECREE IN ACCORDANCE WITH THIS OPINION.
WRIGHT, P.J., and HOLMES, J., concur. *Page 681