This is a divorce case.
The wife appeals, contending the trial court abused its discretion in awarding alimony and in the property division. We affirm.
The parties were married on November 9, 1964. The husband filed for divorce on July 17, 1979. The trial court granted the divorce on September 11, 1979 on grounds of incompatibility. The trial court's decree ordered the husband to convey his interest in a lake cabin owned by the parties to the wife. In addition, the order awarded the wife all personal property located on the lake cabin property including two boats. The parties were awarded equal shares in all jointly owned personal property situated in the home which the parties occupied prior to the divorce proceeding. The husband was also ordered to pay the wife the sum of $2,000 alimony in gross.
As we have repeatedly noted, when a trial court renders a decree after a hearing ore tenus, such decree is presumed correct if supported by the evidence. Stewart v. Stewart, Ala.Civ.App., 341 So.2d 490 (1977).
The primary issue for our determination is whether the trial court abused its discretion in the award of alimony and the property division.
The award of alimony and the division of property are matters within the discretion of the trial court and unless the record indicates a plain and palpable abuse of that discretion, the trial court's judgment is not subject to revision or reversal on appeal. Goodwin v. Goodwin, Ala.Civ.App., 364 So.2d 678
(1978).
With regard to the determination of alimony in a divorce case, the trial court may properly consider the earning ability of the parties, their future prospects, their ages, their station in life, the duration of their marriage, and the conduct of the parties relative to the cause of the divorce.Chancellor v. Chancellor, 52 Ala. App. 10, 288 So.2d 794 (1974).
Applying the above criteria to the facts in the present case, we see a wife who is operating a successful and growing business and who earned approximately $35,000 in the previous year. The husband is presently *Page 189 
earning $1,000.00 per month. The parties were married sixteen years and presently have no children requiring support. We think the above facts clearly indicate that the trial court did not abuse its discretion in the amount of alimony in gross awarded to the wife.
The wife contends also that the trial court abused its discretion in the property division. Specifically, the wife argues that the trial court should have included in the marital property a house constructed by the parties. The evidence indicated that the parties built a home on land owned by the husband's father. The home was constructed with the permission of the husband's father; however, he subsequently refused to convey the land to the parties. The evidence further reveals that the wife aided the husband in the construction of the house, and contributed substantially to its cost.
The trial court did not include among the property to be divided between the parties the house in which they lived during a portion of their marriage. The court gave no explanation for this omission and we can only surmise that it did so because the property was not owned by the parties. When a house is erected on the property of another, the prima facie intendment is that the house becomes a part of the realty; however, this is by no means conclusive and the intent of the parties usually controls and the builder may expressly reserve certain rights relating to the house. Milford v. TennesseeRiver Pulp Paper Co., Ala., 355 So.2d 687 (1978); NorthBritish Mercantile Insurance Co. v. Sciandra, 256 Ala. 409,54 So.2d 764 (1951); Sullivan v. Lawler, 222 Ala. 628,133 So. 911 (1931); Middleton v. Alabama Power Co., 196 Ala. 1,71 So. 461 (1916).
In the case at bar both parties to this lawsuit realized that they did not own the realty upon which they constructed the house. Furthermore, the record is devoid of any evidence that the parties had any kind of agreement to remove the house from the land. Thus the trial court's failure to include the marital house in the properties to be awarded to the parties cannot be considered error on its part requiring reversal.
For the foregoing reasons the trial court's decree is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.