This is a divorce case.
The issue before this court is whether the trial court abused its discretion first by awarding alimony to the wife and second by awarding an excessive amount of alimony.
Mr. and Mrs. Hall were married on January 15, 1944. They lived together as man and wife for twenty-nine years. They were divorced in October 1978, having been married approximately thirty-four years.
Mr. Hall retired from the Air Force in 1972 after having a thirty-one year career in the service. He is receiving approximately $1,300 per month from the Air Force in retirement pay. At the time of the hearing he was working at a Fort McClellan beverage store as manager earning approximately $202 per week. He testified, however, that his job with the store was terminating one week after the trial.
Mr. Hall is sixty-two years old and Mrs. Hall is fifty-nine years old. Mrs. Hall has only a ninth grade education. She has never held a job except for a short period when she sold Avon products. The rest of the time she has spent in the home as a housewife.
Mrs. Hall has been operated on for cataracts, which limits her side vision, though there is no restriction placed on her driver's license. Before the cataract operation, Mrs. Hall had several falls and suffered injuries to her hand and to her clavicle. On top of this, she has high blood pressure and has to receive allergy shots.
Mrs. Hall testified that Mr. Hall had started spending a lot of time over at her sister's house after work hours until he eventually moved most of his personal belongings into Mrs. Hall's sister's home. Mrs. Hall alleged adultery on Mr. Hall's part in her complaint; however, the divorce was granted on the ground of incompatibility.
The trial court divorced the parties for incompatibility of temperament, and awarded the wife $450 per month, plus requiring the husband to pay the wife's medical, hospital and dental expenses.
In determining whether to award alimony and, if so, how much, the criteria to be considered by the trial court include the earning ability of the parties, their future prospects, their age, health, and station in life, the duration of the marriage, and the conduct of the parties relative to the cause of the divorce. Chancellor v. Chancellor, 52 Ala. App. 10,288 So.2d 794 (1974); Jernigan v. Jernigan, Ala.Civ.App., 344 So.2d 778
(1977). Also the decision to award periodic alimony or to refuse such alimony depends upon relevant facts in each case.Hardwick v. Hardwick, 55 Ala. App. 156, 314 So.2d 76 (1975). Furthermore, the trial court is not prohibited from considering evidence of fault as it may be pertinent in determining proper award of alimony in a divorce case based on incompatibility.Gamble v. Gamble, 53 Ala. App. 168, 298 So.2d 254, cert. den.292 Ala. 721, 298 So.2d 260 (1974).
In the instant case the facts show that the parties had been married thirty-four years. The husband was retired from the Air Force but was in good health and was employed. His gross income at the time of the hearing was about $2,100 a month. There was testimony that his employment at Fort McClellan would end in about two weeks.
The wife was fifty-nine years old and in poor health. She has a ninth grade education and, except for a short time when she sold Avon products, she has not been employed outside of her household duties.
The wife testified that her husband spent most of his time since 1972 at her sister's house; that he went by her sister's house when he got off work and would not arrive at their house until late at night. The husband had moved most of his personal belongings, including his clothes, to her sister's house. There is also testimony that the husband had established a joint bank account with the wife's sister.
Applying the above guidelines to the facts of the present case, we do not find *Page 1141 
that the trial court abused its discretion in awarding alimony to the wife nor in the amount that was awarded.
The husband contends in brief that the amount of alimony awarded to the wife exceeds one-half of the husband's net income and is therefore excessive. In support of his contention the husband relies on the case of Brady v. Brady, 144 Ala. 414,39 So. 237 (1905). Although we do not concede that the alimony award in the case sub judice is more than half of the net income of the husband, it is true that the supreme court said in Brady that the allowance to the wife should not exceed one-half of the husband's net income; however, Brady was not a divorce case; it involved separate maintenance for an undivorced wife. We believe there are factors to be considered by a court in a divorce case that are not available for consideration in a separate maintenance action. Consequently we do not consider Brady to be apt authority in deciding the limits of an alimony award in a divorce case.
To avoid any misunderstanding, however, we recognize that we said in Self v. Self, 49 Ala. App. 665, 275 So.2d 345 (1973) that the Brady case indicates that an alimony award to the wife alone should not exceed one-half of the husband's net income. But we went on to say that each case must depend upon its own facts and there is no mathematical formula for determining such an award. And, we did not consider, even in Self, that Brady
established a hard and fast rule for alimony awards in divorce cases. Consequently, we do not consider that the trial court is limited in its award of periodic alimony to one-half of the husband's net income in all cases. Furthermore, as previously stated, we do not view the evidence as supporting the husband's contention that the alimony award exceeded one-half of the husband's net income.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.