BRADLEY, Judge.
This is a divorce case.
Raymond R. Boyd filed a petition in the Circuit Court of Montgomery County, Alabama on May 30, 1979 seeking a divorce from his wife, Florence Boyd, on the grounds of incompatibility of temperament and irretrievable breakdown of the couple’s marriage. After an ore tenus hearing, the trial court found that an irretrievable breakdown of the marriage of plaintiff and defendant had occurred and entered a decree divorcing them on October 11, 1979. In the decree the wife was given the exclusive right to occupy the couple’s Montgomery residence for two years from the decree, although she was permitted to sell it at any time during this period. After the expiration of this time interval, she would have an additional eight months within which to sell the house. If she had not sold it by the end of this period, the husband would have the right to sell it. Regardless of who eventually sold the house, however, the husband would receive forty percent of the proceeds from its sale while the wife would receive sixty percent of such proceeds. Mrs. Boyd was also awarded possession of all furniture in the home with the exception of the den furniture which the court gave to Mr. Boyd. The husband was awarded exclusive possession of the couple’s Florida condominium upon conditions identical to those imposed by the court upon the parties’ Montgomery residence except that (1) the husband would be entitled to receive sixty percent of the proceeds generated from its sale while the wife would be entitled to receive only the remaining forty percent of such proceeds, and (2) the wife would have the right to sell the condominium if the husband had not already sold it within two years and eight months of the court’s decree. Mr. Boyd was awarded sole possession of all furniture and furnishings in the condominium as well as a sailboat. Each party was directed to pay all taxes and insurance and to make all mortgage payments on his or her own residence. The husband was permitted to retain possession of his 1977 Mercedes and the wife was allowed to maintain possession of her 1977 Oldsmobile; however, each party was ordered to assume complete liability for all mortgage payments that remained to be paid on his or her respective automobile.
Paragraph seven of the court’s decree provided as follows:
7. For a period of three years from the date of the first periodic alimony payment hereunder, Husband shall pay to Wife the sum of $2,537.00 per month or until the Bell Road residence is sold, whichever event first occurs. When the residence of the parties is sold or after a period of three years from the first payment hereunder whichever event first occurs, alimony payments shall be reduced to $2,000.00 per month. Said payments of periodic alimony of $2,000.00 shall continue for the lifetime of the parties except that in the event Wife remarries, Husband shall have no further obligation to make alimony payments to Wife. The first payment of alimony shall be made on or before the 5th day of October, 1979, and further payments shall be made on or before the 5th day of each succeeding month.
Subsequent to the issuance of this decree, the husband, on October 18, 1979, filed a motion for rehearing with the court asking it to reduce its award of periodic alimony to the wife. After granting the motion and conducting such a hearing, the circuit court entered an amended decree of divorce on January 7,1980, modifying paragraph seven of the court’s original decree. This amended paragraph provided that:
*646 For a period of two years and ten months from December 1, 1979 or until the Bell Road residence is sold, [whichever] event occurs first, Husband shall pay Wife the sum of $2,037.00 per month as periodic alimony. In addition to the aforementioned monthly periodic alimony, Husband shall pay to Wife the sum of $5,000.00 on June 1, 1980, and the sum of $6,000.00 for each year thereafter on the first day of June. When the residence is sold or after a period of two years and ten months from December 1, 1979, whichever event occurs first, periodic monthly alimony payments to Wife shall be reduced to $1,500.00 per month. The Husband shall continue in addition to the monthly payments to pay the Wife $6,000.00 as periodic alimony on the first day of June of each year. The periodic alimony payments of $5,000.00 in June, 1980 and $6,000.00 thereafter are payable on the first day of June each year and are not conditioned on any bonus being received by Husband in his employment. All periodic alimony payments ordered by this Court shall continue for the lifetime of the parties, except that in the event the Wife remarries, the Husband shall have no further obligation to make alimony payments to the Wife.
From this decree the husband has appealed, alleging that the trial court erred as a matter of law in dividing the couple’s real and personal property and abused its discretion in determining the amount of periodic alimony which defendant was to receive from plaintiff. We disagree and, for the reasons hereafter set out, affirm the trial court’s amended decree of divorce in all respects.
Plaintiff and defendant were married in 1956 while plaintiff was attending the Georgia Institute of Technology in Atlanta, Georgia. Shortly after their marriage, Mrs. Boyd took a job with Emory University’s medical school, where she assisted in eye research and attended night classes in chemistry and biology. However, she never earned a college degree and she quit her job at the University when her husband received his degree from Georgia Tech. A son and a daughter were born of the couple’s marriage but, at the time of trial in this cause, only the daughter was still dependent upon one or both of her parents for a substantial portion of her support. Mr. and Mrs. Boyd resided in Atlanta until 1968 when they moved to Montgomery and purchased their present home on Bell Road. The fair market value of this home was variously estimated at between $100,000 and $160,000. Although the correct value of all furnishings in the house was in substantial dispute, we believe that the trial court could have reasonably concluded that their market value lay somewhere between $15,000 and $60,000.
Mr. Boyd is currently a vice president of Blount International, Inc., a construction firm with offices not only in Montgomery but also in the Middle East. His projected salary for the year 1980-81 was estimated to be between $65,000 and $100,000, depending upon whether it included a bonus of approximately $30,000 which he might or might not receive due to certain financial setbacks which Blount had recently suffered in its Middle East operations. Uncon-troverted testimony tended to show that he had enjoyed substantial increases in his yearly salary and bonus for at least five years preceding the instant suit.
Mrs. Boyd earned approximately $3,600 in real estate commissions in 1974, had a renewable real estate broker’s license, was taking several night courses at Auburn University in Montgomery, and admitted on cross examination that she was physically able to seek gainful employment and did not assume that she was entitled to live off Mr. Boyd’s earnings for the rest of her life. No evidence was adduced, however, tending to show that she was employed at the time of the present litigation or that her earning prospects would be substantially greater than $3,600 per year in the foreseeable future.
We have repeatedly stated that:
The award of alimony and the division of property are matters within the discretion of the trial court and unless the record indicates a plain and palpable *647 abuse of that discretion, the trial court s judgment is not subject to revision or reversal on appeal.
Dennis v. Dennis, Ala.Civ.App., 383 So.2d 187 (1980).
Moreover, in dividing a divorcing couple’s property or in awarding alimony to the wife or husband, the court should consider the earning ability of the parties, their future prospects, their age, health, station in life, duration of their marriage, and their conduct relative to the cause of the divorce. Goodwin v. Goodwin, Ala.Civ.App., 364 So.2d 678 (1978). We believe that the trial court’s award of alimony and division of property in the case at bar reflect a studied and proper evaluation of each of these factors and do not rise to the level of a plain and palpable abuse of discretion necessitating their revision to any degree.
Plaintiff earnestly contends (1) that the trial court abused its discretion in awarding over one-half of plaintiff’s net income to defendant and (2) that it erred as a matter of law in awarding over sixty percent of the total value of the couple’s realty and personalty to defendant. We cannot agree. The following excerpt from the recent case of Hall v. Hall, Ala.Civ.App., 382 So.2d 1139 (1980), is dispositive of the first contention.
The husband contends in brief that the amount of alimony awarded to the wife exceeds one-half of the husband’s net income and is therefore excessive. In support of his contention the husband relies on the ease of Brady v. Brady, 144 Ala. 414, 39 So. 237 (1905). Although we do not concede that the alimony award in the case sub judiee is more than half of the net income of the husband, it is true that the supreme court said in Brady that the allowance to the wife should not exceed one-half of the husband’s net income; however, Brady was not a divorce case; it involved separate maintenance for an undivorced wife. We believe there are factors to be considered by a court in a divorce case that are not available for consideration in a separate maintenance action. Consequently we do not consider Brady to be apt authority in deciding the limits of an alimony award in a divorce case.
To avoid any misunderstanding, however, we recognize that we said in Self v. Self, 49 Ala.App. 665, 275 So.2d 345 (1973) that the Brady case indicates that an alimony award to the wife alone should not exceed one-half of the husband’s net income. But we went on to say that each case must depend upon its own facts and there is no mathematical formula for determining such an award. And, we did not consider, even in Self, that Brady established a hard and fast rule for alimony awards in divorce cases. Consequently, we do not consider that the trial court is limited in its award of periodic alimony to one-half of the husband’s net income in all cases. [Emphasis theirs.]
As to the second contention, this court has occasionally permitted one party to a divorce proceeding to retain over one-half of the total value of all real and personal property accumulated by both spouses during the course of their marriage. See Thompson v. Thompson, Ala.Civ.App., 377 So.2d 141 (1979); Stewart v. Stewart, Ala. Civ.App., 341 So.2d 490 (1977); Helms v. Helms, 54 Ala.App. 551, 310 So.2d 475 (1975). But, in each instance, we were careful to point out that each case is to be decided on its own facts and an equitable division of marital property is to be made, not an equal division. The facts in the case at bar support the conclusion that an equitable division of the property was made by the trial court.
Defendant has requested this court to award her $1,500 in attorneys’ fees for services rendered by her attorneys on this appeal. We believe that $750 is a reasonable fee for such services, and award that amount to defendant for her attorneys.
The judgment of the circuit court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.