This is a divorce case.
The parties were married in 1950. Three children, one of whom is still a minor, were born of the marriage. The husband asked the wife for a divorce in 1977, the wife filing a petition shortly thereafter. The wife's complaint alleged incompatibility initially and was subsequently amended to include the adultery of the husband as a ground. Divorce was granted on the ground of adultery in November 1979.
Custody of the minor child was awarded to the wife with $1,300 per month in child support and periodic alimony from the husband. In addition, the husband is to pay $40,000 alimony in gross at the rate of $4,000 per year, pay reasonable medical expenses of the wife and child, provide health and major medical insurance, and pay the premiums on a life insurance policy naming the wife as beneficiary.
As property settlement the wife was awarded the home of the parties along with all furnishings and appliances, certain bank accounts and certificates of deposit, and the car which she had been driving.
It is from above described awards and settlement that the husband appeals. We affirm.
The husband's primary contention on appeal is that the trial court erred to reversal in awarding the wife an amount in excess of his claimed earnings.
The evidence at trial shows that the husband is the majority stockholder and president of the Beauty Equipment and Supply Company, Inc. (BESCO). He also has been a stockholder in several other companies and was awarded all such stock in the decree. The husband estimated the book value of his interest in BESCO at $68,000. In addition the husband claimed to earn a salary from BESCO in the amount of $950 per month with over $400 per month as travel allowance.
It is well established that we review the trial court's judgment in a divorce case with the presumption of correctness when that court heard the testimony and viewed the witnesses.Robinson v. Robinson, 381 So.2d 637 (Ala.Civ.App.), cert.denied, 381 So.2d 641 (Ala. 1980). Consequently, we will not reverse that judgment unless it is clear from the record that it amounts to a clear abuse of judicial discretion. Johnson v.Johnson, 360 So.2d 996 (Ala.Civ.App.), cert. denied,360 So.2d 999 (Ala. 1980).
There is no magic mathematical formula which determines the proper amount of an alimony award and each such award rests upon the facts of the particular case. Hall v. Hall,382 So.2d 1139 (Ala.Civ.App. 1980); Self v. Self, 49 Ala. App. 665,275 So.2d 345 (1973). However, in determining the proper amount of such an award, factors which may be considered include the future prospects of the parties, their ages, health, station in life, the length of the marriage, in appropriate cases the conduct of the parties as regards the cause of divorce, the needs of the recipient and the ability of the other to pay.Shirley v. Shirley, 350 So.2d 1041 (Ala.Civ.App. 1977); Clarkv. Clark, 356 So.2d 1208 (Ala.Civ.App. 1978).
The husband's ability to pay is difficult to determine from the record before us. His primary source of income is BESCO, a closely held corporation in which he is the *Page 135 
sole active stockholder deriving benefits therefrom.
Although the husband admittedly does not receive a large salary per se, he appears to have maintained a standard of living comparable to those whose earnings are much higher than his own. While they were married the parties took numerous trips out of the country, drove expensive automobiles and made expensive purchases of jewelry and other articles. The funds which allowed these and other luxuries came from BESCO. BESCO doesn't pay dividends, but the husband has access to money received by BESCO from cash sales. In the past the husband has apparently taken a substantial amount from those funds.
Furthermore, BESCO owns several vehicles which the husband uses, including a late model car which he allows his paramour to drive. BESCO provides insurance and upkeep for these vehicles. BESCO has also paid the premiums on insurance policies covering the husband's life.
The husband has also been active in other businesses. One such venture was established in conjunction with his paramour and was sold about the time the husband left his wife. The profit realized from the sale of this business appears to have been enjoyed by them jointly in many respects.
The wife in this case is about fifty years old and, in stark contrast to the husband's apparent business ability, is primarily dependent upon alimony to maintain her standard of living. To her credit, she did begin working as a bank teller sometime after the divorce was begun and now makes about $600 per month salary. She is not likely to begin a new, lucrative career at the age of fifty, after twenty-eight years as a housewife, and can never hope to make a large salary as a bank teller.
We note, too, that the cause of divorce was plainly the husband's infidelity. The husband began an affair with a married woman and continued that affair for several years before the wife filed for divorce. As soon as his paramour was divorced and his own separation occurred, he began to live openly with his lover. There is much evidence that the wife, on the other hand, was a faithful wife and good mother.
In conclusion, while the award to the wife was generous, we do not believe it was so excessive as to constitute an abuse of discretion. An award exceeding the husband's stated income does not automatically amount to an abuse of discretion on the part of the trial court. Hughes v. Hughes, 362 So.2d 910
(Ala.Civ.App. 1978).
In light of the evidence produced at trial, we cannot agree with the husband's contention that he is without means to comply with the court's order as to alimony and child support. The judgment of the trial court is due to be affirmed.
The wife's request for attorney's fee on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.