BRADLEY, Judge.
This is a divorce case.
The parties to this appeal were divorced on May 7, 1980 for incompatibility of temperament. The trial court awarded custody of the parties’ only child to the mother and $150 per month as child support; awarded to the wife the possession and use of the marital home until she married or gave up possession, or until the child was emancipated, and provided that upon the occurrence of one of these events the house was to be sold and the proceeds divided equally between the parties; directed the husband to make the monthly mortgage payments of $322 until the house was sold; awarded the wife title to the 1977 Cadillac and directed the husband to make the mortgage payments; awarded the wife $6,000 from an $11,000 savings account; awarded the wife all of the household furniture and furnishings; awarded the wife $500 for attorney fees; awarded the husband the $5,000 remaining in the savings account; and awarded the husband the title to the 1980 Chevrolet Chevette. Wife appeals and contends that the trial court erred in the disposition of the marital property and in failing to award her alimony in gross. She says that she should have been given a one-half interest in the marital homeplace and all of the $11,000 savings account. We disagree and affirm.
The parties to this appeal were married in October 1967. One child resulted from this marriage, a daughter who is now ten years of age. Mr. Hallmark is forty-two years old, in good health, and is employed by Chemstrand Family Credit Union in Decatur, Alabama. His gross earnings for 1979 were approximately $23,000. Mrs. Hallmark is forty-four years old, in excellent health, and is the manager of a men’s clothing store in Decatur, Alabama. Her gross earnings for 1979 were approximately $14,000. The family home built by the parties during the marriage and jointly owned was valued at about $95,000. There was an outstanding mortgage on the house of $30,- *45 000. The parties owned a 1977 Cadillac and a 1980 Chevrolet Chevette on which there were outstanding mortgages. There was an $11,000 savings account at the Chemst-rand Credit Union. Mrs. Hallmark stated that a substantial portion of her paycheck was placed in this account. Mr. Hallmark never contributed any of his money to this account. The evidence is in dispute as to whether the account is in the joint names of the parties or in the name only of Mrs. Hallmark.
The evidence relating to the cause or causes of the marital discord contributing to the divorce is in dispute and no good purpose would be served by setting it out here. Suffice it to say, however, that neither party can claim to be without blame.
In divorce cases where the question of alimony or division of property is raised, there are certain principles that are observed by the court to help it reach a decision. One of these principles is that:
The award of alimony and the division of property are matters within the discretion of the trial court and unless the record indicates a plain and palpable abuse of that discretion, the trial court’s judgment is not subject to revision or reversal on appeal.
Dennis v. Dennis, Ala.Civ.App., 383 So.2d 187 (1980). We have also said that:
[1]n dividing a divorcing couple’s property or in awarding alimony to the wife or husband, the court should consider the earning ability of the parties, their future prospects, their age, health, station in life, duration of their marriage, and their conduct relative to the cause of the divorce.
Boyd v. Boyd, Ala.Civ.App., 390 So.2d 644 (1980).
Applying these well recognized principles of law to the facts of the case at bar, we cannot say that the trial court plainly and palpably abused its discretion in refusing to award Mrs. Hallmark alimony in gross, an undivided one-half interest in the homeplace, or the entire amount of the savings account.
Appellant argues that the trial court failed to give the alleged marital misconduct of the husband its proper weight, otherwise the awards to her would have been greater. It should be noted that the marital misconduct of a party is but one of many factors to be considered by a court in deciding whether to award alimony to a party and, if so, how much. In the instant case we cannot say that the trial court did not give the alleged misconduct factor its proper weight. A careful review of the evidence relating to the alleged misconduct leads us to the conclusion that very little weight was due to be given this factor.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.